Irving Younger, J.
In law as in life, one is often deceived. This case proves the danger of trusting even Civil Court rules.
Petitioner owns an office building in which respondent occupies space under a written lease. When respondent failed to remit his rent for the months of July through November, 1971, petitioner commenced a summary nonpayment proceeding. Respondent promptly served his answer, denying the petition’s allegations and asserting three counterclaims for damages in the amount of $316,500. Since the lease provides that in “ any summary proceeding for nonpayment of rent, Tenant will not interpose any counterclaim of whatever nature or description,” petitioner now moves to dismiss the counterclaims. Respondent’s position is not that the lease provision is invalid, but rather that petitioner has waived it. The basis of the waiver, says respondent, is petitioner’s scrupulous compliance with the rules of this court. Astonishingly, respondent has a point.
Petitioner’s counsel proceeded as follows (and I daresay that every other landlord-tenant lawyer in New York 'City does the same) : he prepared his notice of petition on the familiar printed form, presented it to the clerk for issuance (as specified in CCA, § 401, subd. [c]), and in due course served it on respondent. The Civil Court rules contain “ an example of a notice of petition ” for nonpayment proceedings (Rules of Civ. Ct. of City of N. Y., *757 § 2900.21, subd. [c]; 22 NYCRR 2900.21 [c]) of which the form used by petitioner’s counsel is an exact copy. Insofar as relevvant, it states that respondent’s answer “may set forth any defense or counterclaim you may have against the petitioner.” And there, precisely, is the problem. The notice of petition invites respondent to assert his counterclaim. Does it thereby effect a waiver of the lease’s no-counterclaim clause?
Petitioner argues that the notice was signed by the clerk, not by petitioner or petitioner’s counsel, and hence cannot affect petitioner’s rights. I disagree. Petitioner’s counsel prepared the document for signature by the clerk. So petitioner is chargeable with what the notice says. If what it says is a waiver, petitioner has waived.
“ Waiver means the intentional relinquishment of a known right.” (Matter of Meachem v. New York Cent. R. R. Co., 8 N Y 2d 293, 299 [1960].) Doubtless petitioner knew, when it started this proceeding, that it had a right to prevent respondent from asserting counterclaims. Had petitioner’s counsel been aware that the printed form invited respondent to assert counterclaims, I would be obliged to find that petitioner had intentionally relinquished the covenant against counterclaims. I am persuaded, however, that petitioner’s counsel did no such thing. He assumed that the printed form tracked the text suggested in section 2900.21 (subd. [c]) of the rules, and that this is the text he (and every other petitioner’s lawyer) must use. He was, in short, oblivious to the possibility that he was waiving his client’s rights. It follows that no waiver occurred and that the no-counterclaim clause of the lease should be honored.
Because the point may come up again, let me note that, once this opinion is published, the argument off ignorance will lose its appeal. Remembering that the language set forth in section 2900.21 (subd. [c]) is not a text for eternity, but only “an example of a notice of petition ”, the careful practitioner may henceforth consider appending to the sentence quoted above a phrase like, “ if such defense or counterclaim is properly cognizable herein.” And perhaps other solutions will commend themselves to those concerned.
To return to the matter in hand, I hold that petitioner has waived nothing, and, therefore, grant its motion to dismiss respondent’s counterclaims, without prejudice, of course, to respondent’s right to assert them in a separate action against petitioner.