Alfred J. Callahan, J.
In this summary proceeding to recover possession of commercial real property respondent has asserted counterclaims and demanded a jury trial, causing the proceeding to be referred from the Landlord and Tenant Part to me in Trial Term, Part 3, a so-called “ Conference Part ”.
Petitioner landlord has moved for an order striking the jury demand and also striking the counterclaims on the ground that *380 the written lease between the landlord and the present occupant’s assignor provides ‘ ‘ that in the event landlord commences any summary proceeding for nonpayment of rent, tenant will not interpose any counterclaim of whatever nature or description Respondent contends that by using the printed form of petition prescribed by the Rules of the Civil Court (22 NYORR 2900.-21 [c]), petitioner has waived the lease’s no counterclaim clause. Said printed form contains the following language: ‘1 Your answer may set forth any defense or counterclaim you may have against the petitioner. ”
The question posed is not one of first impression. In January of this year it was presented to my distinguished colleague, Judge Irving Younger, who wrote: “ ‘ Waiver means the intentional relinquishment of a known right. ’ (Matter of Meachem v. New York Cent. R. R. Co., 8 N Y 2d 293, 299 [I960].) Doubtless petitioner knew, when it started this proceeding, that it had a right to prevent respondent from asserting counterclaims. Had petitioner’s counsel been aware that the printed form invited respondent to assert counterclaims, I would be obliged to find that petitioner had intentionally reliquished the covenant against counterclaims. I am persuaded, however, that petitioner’s counsel did no such thing. He assumed that the printed form tracked the text suggested in section 2900.21 (subd. [c]) of the rules, and that this is the text he (and every other petitioner’s lawyer) must use. He was, in short, oblivious to the possibility that he was waiving his client’s rights. It follows that no waiver occurred and that the no-counterclaim clause of the lease should be honored.
“ Because the point may come up again, let me note that, once this opinion is published, the argument of ignorance will lose its appeal. Remembering that the language set forth in section 2900.21 (sh'bd. [c]) is not a text for eternity, but only ‘ an example of a notice of petition ’, the careful practitioner may henceforth consider appending to the sentence quoted above a phrase like, 1 if such defense or counterclaim is properly cognizable herein. ’ And perhaps other solutions will commend themselves to those concerned.” (150 East 58th St. Assoc. v. Birnbaum, 68 Misc 2d 756,757).
I agree with the result reached by Judge Younger in the Birnbaum case, but not for the same reasons. I do not agree that a lawyer using a printed form may be said to be “ oblivious ” of the contents thereof. Rather, I believe that where a printed form differs from the language chosen by the parties to a written lease, the latter must prevail. In my opinion the printed form *381 should be read as though it contained the language ‘ ‘ if such defense or counterclaim is properly cognizable herein ” and I so construe it.
Despite the fact that the underlying lease contains a provision waiving a jury trial the respondent has demanded one on the theory that section 259-c of the Real Property Law is applicable to the instant situation. This contention is also rejected. That section provides: “Any provision in a lease, executed after the effective date of this act, that a trial by jury is waived in any action, preceding or counterclaim brought by either of the parties thereto against the other in any action for personal injury or property damage, is null and void.” (emphasis supplied).
The counterclaims sought to be interposed herein are neither actions for personal injury nor for property damage.
For the foregoing reasons the motion to strike the counterclaims and the jury demand is in all respects granted, without prejudice to the institution of a plenary action for similar relief and this proceeding is transferred to Part 17 of this court for disposition as a summary nonpayment proceeding on a date to be selected by the landlord .and tenant clerk of this court.
Petitioner’s attorney is directed to serve a copy of this order upon respondent’s attorney and upon the landlord and tenant clerk and the calendar clerk within five days of publication of this decision.