■ BASIL TAGERT, Respondent, v 211 EAST 70TH STREET COMPANY et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (Alfred Ascione, J.), entered on March 28, 1983, affirmed for the reasons stated by A. Ascione, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur — Ross, Carro, Asch and Bloom, JJ.

Murphy, P. J., dissents in a memorandum as follows: Plaintiff Basil Tagert had become a rent-stabilized tenant in apartment 19-B at 211 East 70th Street under a lease dated January 23, 1976. The original lease was extended periodically until March 31, 1983. The building is owned by defendant 211 East 70th Street Company; it is managed by defendant Rudin Management Company. In a letter dated November 29, 1982, plaintiff informed defendant Rudin that his employer, Pfizer Co., had given him an overseas assignment. The plaintiff stated that, while he was away, he wanted his son, Rory, to occupy the apartment. Rudin was further informed that plaintiff would be moving his furniture on January 3, 1983. Informal discussions were had between plaintiff and Rudin's representatives in December of 1982. The defendants eventually told plaintiff that they would not consent to the arrangement. Plaintiff maintains that he moved from the apartment on or about January 14, 1983; defendants assert that he abandoned the apartment on or about January 3, 1983. Concededly, plaintiff removed all but a few items of furniture from the apartment. In his affidavit submitted in support of this motion, plaintiff alleges that he has been transferred to London. The assignment could last from several months to several years. The plaintiff did not know when he would be returning to New York City. Upon oral argument, it was revealed that plaintiff is a citizen of England. In a letter dated January 4,

1983, plaintiff formally stated his wish that his son be permitted to occupy the apartment under (i) the standard "immediate family" clause in paragraph 2 of the lease or (ii) the subleasing provisions of section 226-b of the Real Property Law. On January 6, 1983, the defendant commenced a proceeding before the Conciliation and Appeals Board (CAB) under subdivision E of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. (hereinafter RSC). It was defendants' contention that plaintiff need not be offered a renewal lease because the apartment was no longer his primary residence. No action was ever taken by the CAB on this application. On or about January 14, 1983, defendants served a 10-day notice to cure the violation of tenancy founded upon the tenant's purported abandonment of the apartment. In a letter dated January 14, 1983, defendants sent plaintiff a detailed questionnaire about the background of plaintiff's son, Rory. The plaintiff answered this questionnaire on January 27, 1983. On January 28, 1983, the defendants served a notice of termination based upon plaintiff's failure to cure the alleged violation. On February 3, 1983, plaintiff brought this action for injunctive and declaratory relief. On February 23, 1983, defendants formally denied plaintiff's request because (i) he had abandoned the apartment and (ii) his lease had expired on March 31, 1983. Special Term granted plaintiff's motion for summary judgment and denied defendants' motion for that same relief. The court found that plaintiff's son was a member of the "immediate family" under paragraph 2 of the lease. Relying upon *Short v Graves* (109 Misc 2d 672, affd 88 AD2d 796), the court found that plaintiff was entitled to a renewal lease because defendants had failed to offer a renewal lease during the 150- to 120-day period set forth in section 60 of the RSC. At the outset, it should be stressed that Rory Tagert had not been residing in the apartment with the plaintiff. Rory had been living with his wife and two children in a house in White Plains. Thus, Rory was not entitled to take possession of the apartment as a member of plaintiff's "immediate family". (*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.*, 94 AD2d 229, 235; *Matter of Herzog v Joy*, 74 AD2d 372, 376.) After Special Term's decision in this matter, the Omnibus Housing Act (OHA) became effective (L 1983, ch 403). Sections 37, 51, and 55 of the OHA became effective on June 30, 1983 (L 1983, ch 403, § 64). Section 37 repeals section 226-b of the Real Property Law and replaces it with a new section that covers, *inter alia,* a tenant's right to sublease. Subdivision 3 of the new section makes it applicable to the present lease, as extended. Subdivision 7 makes the new section 226-b applicable to the present proceeding. Section 51 of the OHA amends subdivision c of section YY51-6.0 of the Administrative Code of the City of New York by adding a new paragraph (14) thereto. To the extent here relevant, paragraph (14) provides that a tenant may sublet pursuant to section 226-b of the Real Property Law provided that "(b) the tenant can establish that at all times he has maintained the unit as his primary residence and intends to reoccupy it as such at the expiration of the sublease". Section 55 of the OHA amends section 5 (subd a, par [11]) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) to provide that a tenant's "primary residence" is to be determined by a court of competent jurisdiction. Applying sections 37, 51 and 55 of the OHA to the present appeal, it is clear that a question of fact exists as to whether the plaintiff truly intends to reoccupy the apartment at the expiration of the sublease. There is some indication that Rory sold his house before moving into the apartment. It is questionable whether the plaintiff intends to displace his son in order to regain occupancy. Moreover, evidence should be developed as to the nature of plaintiff's position with Pfizer Co. and his prospects for reassignment to New York City. Disclosure may show that plaintiff, a citizen of England, does not intend to return to New York City. It may also show that Pfizer has no intention of returning the plaintiff for further

duties in New York City. In short, defendants are not obligated to accept plaintiff's representation that he intends to return to the apartment on some unspecified date. The issue of whether plaintiff intends to maintain this apartment as his primary residence is a factual matter which should be resolved by the court under section 55 of the OHA. Special Term's reliance upon *Short v Graves (supra)* is misplaced. In that case, the landlord waited until after the expiration of the so-called "window period" of section 60 of the RSC before stating that she wanted the apartment for her mother (RSC, § 54, subd B). A factual finding was made in *Short v Graves* that the landlord did not sustain her burden of proving that, during the "window period", she intended to have her mother occupy the apartment. The present proceeding may be distinguished from *Short* upon many grounds, particularly the fact that plaintiff's request of November 29, 1982 was made even before the "window period" expired. Hence, defendants' time to offer a renewal lease had not even terminated. In view of the plaintiff's relatively late request, defendant had the right to conduct an appropriate investigation as to whether plaintiff actually intended to return to the apartment. Upon the facts in this case, that investigation could only have been conducted after the "window period" had expired. The plaintiff is neither entitled to a new lease nor may he sublet if he has no intention of returning to the apartment. His intention in that regard may only be ascertained after a trial. Accordingly, the order and judgment of the Supreme Court, New York County (Ascione, J.), entered March 28, 1983, granting plaintiff's motion for summary judgment and denying defendants' cross motion for that same relief, should be vacated. The order of the Supreme Court, New York County (Ascione, J.), entered March 4, 1983, should be modified, by reversing so much thereof as granted plaintiff's motion for summary judgment, and, as modified, it should be affirmed.