OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to defendants, by reversing so much thereof as affirmed the grant of summary judgment to plaintiff, and by remitting the case to Supreme Court, New York County, for further proceedings in accordance with this memorandum, and as so modified, the order should be affirmed.
In late 1982, plaintiff informed defendant, his landlord, that he had been assigned overseas by his employer for an indefinite period of up to two or three years. Plaintiff sought permission for his son, his son’s wife and their children, to move into his rent-stabilized apartment and occupy it while he was away, both for the remainder of the lease term (through March 31, 1983) and for a renewal term, either as a subtenant or as a family member entitled to occupancy under a lease provision permitting occupancy “only by tenant and the members of the immediate family of tenant.” When the landlord refused, plaintiff brought an action for a declaratory judgment and injunctive relief. Special Term granted plaintiff summary judgment, inter alia, declaring that plaintiff’s son was entitled to occupy the apartment both as a subtenant and as an “immediate family” member, and the Appellate Division affirmed.
Before the landlord’s appeal had been decided, the Legislature amended section 226-b of the Real Property Law and section YY51-6.0 (subd c, par [14]) of the Administrative Code of the City of New York (L 1983, ch 403, §§ 37, 51), requiring that a tenant seeking to sublet his apartment “establish that at all times he has maintained the unit as his primary residence and [that he] intends to occupy it as such at the expiration of the sublease”. In the absence of such a showing, a landlord’s refusal to consent to a proposed sublease would be reasonable. In affirming Special *821 Term’s order, the Appellate Division failed to address these new provisions, which are applicable to pending actions (see L 1983, ch 403, § 64; Vance v Century Apt. Assoc., 61 NY2d 716).
The only proof plaintiff submitted in support of his contention that he intends to reoccupy the apartment as his primary residence is his own statement to the effect that, while his overseas assignment is indefinite, he plans to return to New York and wishes to retain his status as tenant in order to have an apartment to return to. Defendant challenges plaintiff’s declared intention, pointing out that he is a British citizen on indefinite assignment in London, that he removed virtually all of his furniture from the apartment, and that his son’s family had sold its Westchester residence before moving into the apartment. The evidence is insufficient to establish as a matter of law that plaintiff intends to reoccupy the apartment as his primary residence upon the expiration of the sublease, and plaintiff is therefore not entitled to summary judgment. However, in view of the recent changes in the law, which occurred after Special Term’s order, the parties should be afforded an opportunity to develop the proof further on the issue of primary residence.
Nor does plaintiff secure any greater right by virtue of the lease provision that permits “tenant and the members of the immediate family of tenant” to occupy the apartment. This provision clearly contemplates concurrent occupancy by the tenant and his family members. Moreover, only the tenant may renew a lease; family members have no such right after the tenant has vacated (Administrative Code, § YY51-6.0, subd c, par [4]). Thus, while the lease provision may permit a tenant’s family to occupy an apartment with him, and allow those family members who actually live with him to continue in residence for the remainder of the lease term in his absence (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 61 NY2d 976), the lease provision does not permit family members to succeed to possession by moving into an apartment upon the tenant’s departure, and it does not require a landlord to renew a lease as an apartment is successively passed to members of the tenant’s family. Since plaintiff’s son did not reside in *822 the apartment with his father, he has no right to occupancy under the lease provision.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order modified, with costs to defendants, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.