OPINION OF THE COURT
John A. Milano, J.
issue
The significant and farreaching issue which is raised in this proceeding is whether the petitioner landlord is entitled to a judgment of possession of a rent-controlled accommodation pursuant to the 1983 Omnibus Housing Act (L 1983, ch 403) because the “named tenant of record” must maintain the said apartment as her primary residence. Does the Omnibus Housing Act mandate this court to “disenfranchise” all members of the immediate family not named tenants of record? The novel question presented is whether the practice of passing on an apartment from family member to family member was abolished by the said act and whether only the named tenant of record has the right to a renewal lease and/or continued possession?
FACTS
The parties herein, by their attorneys, pursuant to stipulation, have agreed that the following facts are not in dispute for *726 purposes of this proceeding. Respondent Diana DelGrosso moved into the subject premises at 82-15 35th Avenue (apt 5E) on or about 1956 as a rent-controlled tenant. Respondent Lisa DelGrosso is the daughter of Diana DelGrosso. Lisa was born in 1959 and has resided in the subject premises since her birth. The respondents represent that Lisa has never been married, has no children, went to Queens College while residing at the subject apartment and never moved out at any time. Respondent Diana DelGrosso, the mother of Lisa, moved out of the said apartment in June 1981 when she purchased and moved into a cooperative apartment at 35-28 80th Street, Jackson Heights in the County of Queens. The petitioner is the landlord and lessor of the subject premises and the owner of the subject building. Respondents received the notices of petition, petition, notices to cure and terminate and the 30-day notice as alleged in the petition and affidavits of service. The said premises is a multiple dwelling and the allegations of paragraph 7 in the petition are true. Respondent Lisa DelGrosso continues in possession without the permission of the petitioner. The subject apartment is subject to the rent control laws. Respondents represent that in August 1984, the landlord objected to rent payments from Lisa DelGrosso. From August 1984 to the present, the respondent Diana DelGrosso has paid the rent. Rent checks from Lisa DelGrosso from September 1982 to July 1984 have been submitted to this court as evidence and the petitioner’s attorney does not object to the submission of same.
CONTENTION OF PETITIONER
It is the petitioner’s position that the respondent Diana DelGrosso should not be entitled to pass on her rent-controlled apartment to her daughter, Lisa DelGrosso. That the petitioner commenced this holdover proceeding on two grounds: that the respondent Diana DelGrosso does not maintain the subject rent-controlled apartment as her primary residence and that the said respondent has violated a substantial obligation of her tenancy by allowing the subject apartment to be used and occupied by persons other than the “named tenant of record”, i.e., Diana DelGrosso. That the daughter Lisa is asking this court to declare her to be the rent-controlled tenant of the subject apartment even though it is no longer her mother’s primary residence. That by this reasoning, the petitioner at bar could find itself with rent-controlled tenants ad infinitum. That this position is contrary to the policy of vacancy decontrol and case law and would unduly burden this petitioner and those similarly situated. That the respondents’ only defense is that the said daughter, Lisa, by *727 virtue of having lived in the subject apartment with her mother prior to the time that her mother vacated is a rent-controlled tenant and entitled to the benefits, privileges and immunities of the rent control laws. That except for a brief period when Lisa DelGrosso paid the rent, respondent Diana DelGrosso has always paid the rent to the landlord. That the petitioner is entitled to a judgment of possession because under the 1983 Omnibus Housing Act, the tenant of record must maintain the apartment as her primary residence or else the apartment must be decontrolled.
CONTENTION OF RESPONDENTS
Respondents contend that a vacating rent-controlled tenant may pass on her apartment to her 26-year-old daughter who has resided in the said apartment for her entire life, continuously and without any interruption. That the New York State Division of Housing and Community Renewal has had occasion to define when a vacating tenant can pass on her apartment to a remaining relative. That the new guidelines allow a vacating tenant to pass on her apartment to a remaining member of her immediate family who has lived in the apartment with the tenant for a period of at least six months. That the rule defines immediate family to include daughter. That in fact the respondent Lisa DelGrosso is constructively one of the tenants of record because of her continuous and long residence in the said rent-controlled apartment. That the fact that the petitioner has accepted rent from respondent Lisa DelGrosso continuously from September 1, 1982 until shortly before the present summary proceeding was commenced constitutes a waiver or estoppel on the part of the petitioner landlord.
OMNIBUS HOUSING ACT
Laws of 1983 (ch 403, § 42) provides for an exemption from rent control for housing accommodations not occupied by the tenant, not including subtenants or occupants, as his primary residence. Administrative Code of the City of New York § Y513.0 (e) (2) (i) (10), as amended states: “Housing accommodations not occupied by the tenant, not including subtenants or occupants, as his primary residence, as determined by a court of competent jurisdiction. No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds.”
*728 Omnibus Housing Act § 39 amends the Real Property Law and adds a new section 235-f to read as follows:
“Unlawful restrictions on occupancy
“1. As used in this section, the terms:
“(a) ‘Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law or article seven-c of the multiple dwelling law.
“(b) ‘Occupant’ means a person, other than a tenant or a member of a tenants immediate family, occupying a premises with the consent of the tenant or tenants.
“2. It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy.” (Emphasis added.)
CASE LAW
In Tagert v 211 E. 70th St. Co. (63 NY2d 818 [1984]) plaintiff tenant asked the Court of Appeals to determine whether it had the right to pass on an apartment to a member of the immediate family. In late 1982, the plaintiff had informed defendant, his landlord, that he had been assigned overseas by his employer for an indefinite period of up to 2 or 3 years. Plaintiff sought permission for his son, his son’s wife and their children, to move into his rent-stabilized apartment and occupy it while he was away, both for the remainder of the lease term (through Mar. 31, 1983) and for a renewal term, either as a subtenant or as a family member entitled to occupancy under a lease provision permitting occupancy “only by tenant and the members of the immediate family of tenant.” When the landlord refused, plaintiff brought an action for a declaratory judgment and injunctive relief. Special Term granted plaintiff summary judgment, inter alla, declaring that plaintiff’s son was entitled to occupy the apartment both as a subtenant and as an “immediate family” member and the Appellate Division affirmed (98 AD2d 647). Before the landlord’s appeal had been decided, the Legislature amended Real Property Law § 226-b and Administrative Code § YY51-6.0 (c) (14) (L 1983, ch 403, §§ 37, 51), requiring that a tenant seeking to sublet his apartment establish that at all times he has maintained the unit as his primary residence and *729 intends to reoccupy it as such at the expiration of the sublease. The Court of Appeals held that in affirming Special Term’s order, the Appellate Division failed to address these new provisions, which are applicable to pending actions. (See, L 1983, ch 403, § 64; Vance v Century Apts. Assoc., 61 NY2d 716.) The Court of Appeals further decided that in view of the recent changes in the law, which occurred after Special Term’s order, the parties should be afforded an opportunity to develop the proof further on the issue of primary residence. The order of the Appellate Division was modified and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the said court’s memorandum. But, in so doing, the Court of Appeals, in obiter dictum fashion, said that only the named tenant had the right to renew a lease and that immediate family members had no such right once the tenant had left the premises. “Nor does plaintiff secure any greater right by virtue of the lease provision that permits ‘tenant and the members of the immediate family of tenant’ to occupy the apartment. This provision clearly contemplates concurrent occupancy by the tenant and his family members. Moreover, only the tenant may renew a lease; family members have no such right after the tenant has vacated (Administrative Code, § YY51-6.0, subd c, par [4]). Thus, while the lease provision may permit a tenant’s family to occupy an apartment with him, and allow those family members who actually live with him to continue in residence for the remainder of the lease term in his absence (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 61 NY2d 976), the lease provision does not permit family members to succeed to possession by moving into an apartment upon the tenant’s departure, and it does not require a landlord to renew a lease as an apartment is successively passed to members of the tenant’s family. Since plaintiff’s son did not reside in the apartment with his father, he has no right to occupancy under the lease provision” (63 NY2d, at pp 821-822; emphasis added).
In a very recent case (520 E. 81st St. Assoc. v Welling, NYLJ, Apr. 10, 1985, p 7, col 5 [Civ Ct, NY County]), the respondent tenant attempted to pass on an apartment to her sister. The petitioner maintained the position that the Omnibus Housing Act of 1983 mandates that the issue of primary residence is to be resolved by looking at the residence of the tenant of record, not the residence of members of the tenant’s immediate family who may be occupying the apartment. The court stated (p 11, col 4): “The practice of passing an apartment from family member to family member was abolished by the Act. Only the tenant has *730 the right to a renewal lease, see Tagert v. 211 East 70th Street Company, N.Y. Court of Appeals 63 N.Y.2d 818.”
ADMINISTRATIVE LAW CONSIDERATIONS
The New York State Division of Housing and Community Renewal (DHCR) recently issued new rules for when a vacating tenant can pass on his apartment to a remaining relative. The new rules affect both rent-controlled and rent-stabilized apartments and the said administrative agency allows a vacating tenant to pass on his apartment to a remaining member of his immediate family. In rent-stabilized apartments, the remaining family member can renew the lease in his own name; in rent-controlled apartments, he becomes a rent-controlled tenant. DHCR has defined who is a member of a tenant’s immediate family. DHCR regulations § 2500.2 (m) (Emergency Tenant Protection Regulations; 9 NYCRR) sets forth the definition. They include husband, wife, son, daughter, grandson, granddaughter, stepson, stepdaughter, father, mother, father-in-law, mother-in-law, grandmother, grandfather, stepfather and stepmother. The DHCR is applying a general rule-of-thumb. The relative or member of the immediate family as defined, must have used the apartment as his primary residence and have lived with the tenant in the apartment for at least six months in order to take over the apartment when the tenant leaves. The “six-month rule” is basically a guideline for the administrative agency to determine good faith.
ANALYSIS
The court in 520 E. 81st St. Assoc. v Welling (supra) relied on the decision of the Court of Appeals in Tagert v 211 E. 70th St. Co. (supra), wherein the said Court of Appeals in an obiter dictum statement remarked that only the named tenant had the right to renew a lease and that immediate family members had no such right once the tenant left. This statement has generated controversy and confusion in what continues to be a very highly sensitive area of housing law. There are over 900,000 rent-stabilized apartments and approximately 286,000 rent-controlled units in the City of New York. There are many leases in rent-stabilization units and some leases in rent-controlled units (usually on initial entry) which do not include other members of the immediate family as named tenants of record. To restrict the definition of a tenant to only the named tenant of record would prevent the passing on of an apartment to a very close relative such as a daughter or son, who had lived with the named tenant of record prior to the time that the said tenant moved out. This court construes the ruling in Tagert (supra) to apply only when *731 the tenant and the close family member never lived together in the said apartment prior to the time that the named tenant of record moved out. Since the tenant’s son in Tagert did not reside in the apartment with his father, he had no right to occupancy under the lease provision. This court holds that the threshold question in all cases where members of the immediate family have lived with the named tenant of record is not whether the named tenant of record is violating the primary residence requirement but whether the remaining occupant or occupants by reason of their continuous residency and close familial ties are entitled to possession at the time when the primary residence challenge is made.
Further, the Omnibus Housing Act (L 1983, ch 403, § 39, adding Real Property Law § 235-f) defines a tenant as a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement or is a statutory tenant pursuant to the New York City Rent and Rehabilitation Law and that it shall be unlawful for a landlord to restrict occupancy of residential premises by express lease terms otherwise to a tenant or tenants or to such tenants and immediate family and that such restriction shall be unenforceable as against public policy. An occupant is defined under that section as a person other than a tenant or member of a tenant’s immediate family occupying the premises with the consent of the tenant. In this regard, the respondent Lisa DelGrosso may not be considered an occupant who would not have any right to remain or to have an apartment passed on to her once the said tenant vacated the premises. (38th Astoria Assoc. v Chavez, 126 Misc 2d 811.) In fact, the respondent, Lisa DelGrosso, is constructively a tenant of record. The guidelines issued by DHCR are at best minimal regulatory predicates to enable the said agency to determine the question as to when an apartment shall be permitted to be passed on. They are also helpful to this court in its determination as well. Lisa DelGrosso as daughter is one of the closest of family relationships and for the past 26 years has resided in the said premises continuously and without any interruptions. Had Lisa DelGrosso’s mother died, her continuous cohabitation would have created a right of continued occupancy. (New York City Rent and Eviction Regulations § 56 [d].) It is the continuous cohabitation of a daughter with her mother, the named tenant herein that creates this right. It appears inequitable and untenable to destroy such a right just because the mother, Diana DelGrosso, moved elsewhere rather than died. The result of the DHCR regulation (six-month rule) in applying same in this case in accordance with the facts is clearly *732 an equitable result and certainly not inconsistent with any existing statute or inconsistent with legislative policy as expressed in the Omnibus Housing Act.
However, there is another ample reason to deny petitioner landlord the relief he seeks. The respondent Lisa DelGrosso delivered her rent checks to the petitioner from September 1982 to July 1984. During this time only one of these checks, that being a check dated July 15, 1983, was stamped by petitioner “check accepted under protest.” After the July 15, 1983 check, petitioner accepted 12 additional checks from respondent Lisa DelGrosso. All of these checks were checks drawn from the singular account of Lisa DelGrosso (on Jamaica Savings Bank) and the face of each check indicated such account. It is clear from these facts that respondent Lisa DelGrosso openly paid rent to petitioner and that petitioner’s acceptance of same was knowing and not inadvertent and that respondent’s action was in good faith. Every single check that Lisa DelGrosso delivered was cashed by the landlord. This, in the court’s judgment constituted a waiver by the landlord and certainly by reason of the inordinate length of time and the number of checks delivered. These checks were not from the named tenant of record. On the totality of these facts, this court must conclude that there was an intentional or voluntary relinquishment of a known right on the part of the landlord. (150 E. 58th St. Assoc. v Birnbaum, 68 Misc 2d 756; Doubledown Realty Corp. v Gibbs, 122 Misc 2d 32.)
CONCLUSION
Under the facts submitted to this court and on the case law and precedents cited and analyzed, it is clear that the respondent Lisa DelGrosso is entitled to possession and future occupancy of the subject premises and notwithstanding that landlord’s acceptance of said respondent Lisa DelGrosso’s checks constituted a waiver on the part of the landlord in regard to any objection to her tenancy and to her rent-controlled status.
Accordingly, this court dismisses the petition of the petitioner landlord and enters a judgment of possession in favor of the said respondents, all with prejudice.