■ RONALD CUTLER, Appellant, v NORTH SHORE TOWERS ASSOCIATES, Respondent.—In an action, inter alia, for a judgment declaring that the defendant's refusal to consent to a sublease was unreasonable, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), entered June 20, 1985, which, inter alia, declared that the defendant was not obligated to consent to the proposed subletting of certain premises leased by the plaintiff and awarded immediate possession of the premises to it.

Ordered that the judgment is affirmed, with costs.

We find no error in the trial court's determination that the plaintiff failed to "establish that at all times he has maintained the unit as his primary residence and intends to occupy it as such at the expiration of the sublease" (Administrative Code of City of New York § YY51-6.0 [c] [12] [b]; see, Real Property Law § 226-b; Tagert v 211 E. 70th St. Co., 63 NY2d 818). At the trial, the plaintiff admitted that his car was registered at an address in Bayshore and that he had registered to vote at another address in Westhampton. He could not recall whether he had paid income taxes to New York City as a resident and never produced his city income tax records at trial. The only evidence admitted at trial tending to show that the apartment in question was the plaintiff's primary residence was his own testimony and a driver's license which had been obtained during the pendency of this action.

Under these circumstances, the trial court was justified in concluding that the plaintiff had failed to satisfy his burden of proof.

Since the plaintiff had sublet the apartment without the consent of the defendant, and the defendant's withholding of consent, based upon its determination that the plaintiff was not occupying the apartment as his primary residence, was reasonable, the trial court correctly concluded that the plaintiff committed a substantial breach of the lease entitling the defendant to possession of the premises (see, Real Property Law § 226-b [5]). The court did err, however, in failing to grant a 10-day stay of issuance of the warrant of eviction, as required by RPAPL 753 (4), in order to give the plaintiff an opportunity to correct the breach. This error does not require reversal, however, because the defendant did not obtain possession as a result of the judgment at bar, but through execution of a warrant of eviction issued pursuant to a separate judgment obtained in a holdover proceeding in the Civil Court of the City of New York. The judgment in that action did provide for the required stay. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.