■ MARTIN GARAY, Doing Business as G & F REALTY Co., Respondent, v ADAM BLANKROTH et al., Appellants, et al., Respondents.—Order of the Appellate Term of the Supreme Court, First Department, entered on or about November 9, 1988, reinstating the petition and granting petitioner's motion for summary judgment, unanimously modified, on the law, without costs, summary judgment denied, and the matter remanded to Civil Court for further proceedings consistent herewith.

This appeal raises the question of whether appellant Lisa Ann Blankroth, daughter of the tenant of record, Adam Blankroth, who allegedly resided in the subject premises since

the inception of the lease, is entitled to be substituted as a party to a renewal lease upon vacation of the premises by her father pursuant to the provisions of Rent Stabilization Code (Code) § 2523.5 (b) (1) (9 NYCRR). Presuming that Lisa Ann Blankroth can establish that she meets the requirements of the Code provision, she is entitled to a renewal lease in her name.

The landlord, respondent Martin Garay, argues that the succession provisions of the Code are invalid, relying on rulings of the Court of Appeals which hold that, pursuant to the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-501 *et seq.),* a landlord may only be required to offer a renewal lease to the tenant of record *(Sullivan v Brevard Assocs.,* 66 NY2d 489, 494; *Tagert v 211 E. 70th St. Co.,* 63 NY2d 818, 821). This court, however, has held that the succession provisions of the Rent Stabilization Code, issued subsequent to the Court of Appeals ruling in *Sullivan v Brevard Assocs. (supra),* are "entirely consistent with the Rent Stabilization Law" *(Festa v Leshen,* 145 AD2d 49, 61 [Sullivan, J.]), and the instant appeal is governed by that decision.

There is no merit to appellants' contention that no triable issue of fact is raised respecting the continuous residency of Lisa Ann Blankroth in the subject premises. In response to respondent landlord's summary judgment motion, appellants submitted the affidavit of Adam Blankroth which asserts that his daughter is entitled to a renewal lease in her name based upon her alleged continuous residence in the premises since the inception of the tenancy. It is well settled that the test on a motion for summary judgment is whether the pleadings raise a triable issue of fact *(Hartford Acc. & Indemn. Co. v Wesolowski,* 33 NY2d 169; *Di Sabato v Soffes,* 9 AD2d 297). In respect of this inquiry, the credibility of the parties is not a proper consideration for the court *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338), and statements made in opposition to the motion must be accepted as true *(Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410, 415; *Cohn v Lionel Corp.,* 21 NY2d 559). The function of a court upon a motion for summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732). Mr. Blankroth's contentions serve only to raise a triable issue of fact as to whether his daughter may be able to establish eligibility for a renewal lease under the criteria set forth in Rent Stabilization Code § 2523.5 (b) (1).

Therefore, a trial is necessary to determine this question. Concur—Sullivan, J. P., Ellerin, Smith and Rubin, JJ.