■ In the Matter of Joy Swann, Appellant, v Kalman Finkel et al., Respondents. [742 NYS2d 824] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered July 20, 2000, which denied the petition and dismissed this CPLR article 78 proceeding to review respondents' determination, dated May 19, 1999, denying petitioner's application to take over a public housing lease as the guardian of her then 15-year-old sister, unanimously modified, on the law, the petition granted only to the extent of remanding the matter to

respondents for a hearing to determine the merits of Sumara Cora's application to take over the lease in her own right as a remaining family member, and otherwise affirmed, without costs.

We agree with the IAS court that it was not arbitrary or capricious for respondents to deny petitioner a public housing lease in her capacity as guardian of her younger sister Sumara Cora inasmuch as she had previously been found ineligible to obtain a lease in her own name because of her criminal record. However, the court did not address the hearing officer's finding that Sumara Cora, although she concededly qualified as a "remaining family member," was unable, because she was a minor, to sign a lease in her own right. As this Court has previously observed with regard to the provision of the Rent Stabilization Code governing the right of a family member to succeed to a rent stabilized tenancy, there is "no distinction between an adult child and an infant" (*Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 10, *lv dismissed* 90 NY2d 829; *see also, Quiala v Laufer*, 180 AD2d 31, 35, *lv dismissed* 80 NY2d 924). Likewise, there is no such distinction in the Housing Authority's Remaining Family Member Procedures. Thus, although petitioner rejected the Housing Authority's suggestion, at the administrative hearing, that if Sumara had a different guardian, who was eligible for public housing, the result might be different, it was arbitrary and capricious to deny, without a hearing, Sumara's right to succeed to her father's tenancy and her request for a lease in her own name solely because she was a minor. Although Sumara is now 19, a hearing is necessary to determine her present eligibility. Concur—Tom, J.P., Andrias, Rubin, Friedman and Marlow, JJ.