OPINION OF THE COURT
Per Curiam.
Order dated July 11, 2003 affirmed, with $10 costs.
Civil Court correctly granted tenant’s motion for summary judgment, since there was no material issue that the occupancy of his mother, Elinore Chechak, rose to the level of an unlawful “assignment,” as opposed to a permissible presence by an immediate family member. Elinore Chechak has long-term ties to the apartment, having commenced occupancy as the tenant of record in 1982 together with her (then) minor son Eric. In 1999, the Chechaks requested that the tenancy continue in Eric’s name, but Elinore continued to maintain her possessions in the premises and reside there at least intermittently. It appears that landlord’s principal complaint at this juncture is that Eric has allegedly relocated to Michigan. In analogous cases involving occupancies by family members with historical contacts to an apartment, it has been determined that the appropriate remedy is a nonprimary residence proceeding commenced upon the requisite statutory notice (see, Rent Stabilization Code [9 NYCRR] § 2524.2 [c] [3]), as opposed to a summary termination of the tenancy based upon a purported assignment or sublet between parent and child (see, Park Holding Co. v Rosen, 241 AD2d 304 [1997]; PLWJ Realty v Gonzalez, 285 AD2d 370 [2001]). A departure from the apartment during the lease term by Eric Chechak and the reentry by Elinore Chechak is not properly characterized as a violation of section 226-b of the Real Property Law (see, 61 Jane St. Assoc. v Kroll, 102 AD2d 751, 753 [1984]). Nor does landlord, in its notice of termination, point to a violation of any lease provision.