888 East 96th Street, LLC, Appellant,
against
Helen Hargrove, Respondent, and Mark Antoine, Occupant.




Law Office of Stuart I. Jacobs (Stuart I. Jacobs of counsel), for appellant.
Brooklyn Legal Services Corporation A (Samuel H. Chiera of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Jeannine B. Kuzniewski, J.), dated October 3, 2016, deemed from so much of an order of that court entered February 3, 2017 as, upon reargument, adhered to the determination in the October 3, 2016 order granting a motion by tenant and undertenant to dismiss the petition in a holdover summary proceeding (see CPLR 5512 [a]).




ORDERED that the order entered February 3, 2017, insofar as appealed from, is affirmed, without costs. 
In this illegal-sublet holdover proceeding, the notice to cure states that tenant had not been observed residing at the premises "for many months" and was actually residing at a different address, and that tenant had sublet the premises to Mark Antoine without landlord's prior knowledge and written consent. Tenant and Antoine moved, pursuant to CPLR 3211 (a) (7), to dismiss the petition for failure to state a cause of action. Tenant averred, in her affidavit, that Antoine was her son, who had begun residing with her shortly after she had moved into the apartment and that she had later moved out of the apartment, leaving Antoine residing in the apartment by himself, and thereafter had visited the apartment periodically. In an opposing affidavit, landlord's managing agent stated that he did not believe that tenant had ever resided at the apartment, although he acknowledged that tenant had signed the lease and a lease renewal and had paid the rent in her own name. By order dated October 3, 2016, the Civil Court granted [*2]the motion to dismiss the petition, noting that landlord's pleading failed to allege that tenant had never co-resided in the apartment with Antoine. In an order entered February 3, 2017, made upon reargument, the court adhered to its original determination. By notice of appeal dated March 1, 2017, landlord appealed from the October 3, 2016 order, which we deem to be an appeal from so much of the February 3, 2017 order as, upon reargument, adhered to the prior determination (see CPLR 5512 [a]).
A predicate notice served pursuant to the Rent Stabilization Code must state the facts necessary to establish the existence of a ground for eviction (see Rent Stabilization Code [9 NYCRR] § 2524.2 [b]; Domen Holding Co. v Aranovich, 1 NY3d 117, 123 [2003]; 69 E.M. LLC v Mejia, 49 Misc 3d 152[A], 2015 NY Slip Op 51765[U] [App Term, 1st Dept 2015]). The facts must be pleaded with sufficient specificity; "broad, unparticularized allegations" that are "generic and conclusory" do not satisfy the specificity requirement of Rent Stabilization Code § 2524.2 (b) (69 E.M. LLC v Mejia, 49 Misc 3d 152[A], 2015 NY Slip Op 51765[U], *1). 
In the instant matter, landlord's predicate notice failed to allege facts showing that any type of contractual agreement existed between tenant and Antoine, her son, or that Antoine's occupancy was by virtue of a right that could not be revoked for a fixed period of time, or any other facts to support the claim that Antoine's occupancy had risen to the level of a sublet (see 445/86 Owners Corp. v Haydon, 300 AD2d 87, 88 [2002]; Klein Props., LLC v Estate of Hammonds, 33 Misc 3d 140[A], 2011 NY Slip Op 52134[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; 155 W. 81st St. Assoc. v Paredes, 26 Misc 3d 145[A], 2010 NY Slip Op 50472[U] [App Term, 1st Dept 2010]). In the absence of any specific factual allegations that would support landlord's claim that Antoine's occupancy constituted a sublet, the petition was properly dismissed (see London Terrace Gardens, L.P. v Heller, 40 Misc 3d 135[A], 2009 NY Slip Op 52858[U] [App Term, 1st Dept 2009]). To the extent that landlord alleged that tenant no longer used the apartment as her primary residence, such allegation is more properly resolved in the context of a nonprimary residence proceeding (see PLWJ Realty v Gonzalez, 285 AD2d 370, 370 [2001]; 155 W. 81st St. Assoc. v Paredes, 26 Misc 3d 145[A], 2010 NY Slip Op 50472[U]; B & B Manhattan, LLC v Sack, 23 Misc 3d 127[A], 2009 NY Slip Op 50543[U] [App Term, 1st Dept 2009]; 235 W. 71 St. LLC v Chechak, 4 Misc 3d 114, 115 [App Term, 1st Dept 2004]).
Accordingly, the order entered February 3, 2017, insofar as appealed from, is affirmed. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018