(April 22, 1969)

■ 601 WEST 26 CORP., Appellant, v. JOHN WILEY & SONS, INC., Respondent.— Order entered September 20, 1968 unanimously modified, on the law, to the extent of granting partial summary judgment to the plaintiff-appellant-landlord for the unpaid rent due to the time of the making of the motion, execution thereon to be stayed, however, as to that portion equal in amount to the rent reserved in the proposed sublease as to which the defendant-respondent-tenant claims the plaintiff-appellant-landlord unreasonably withheld consent, such stay to remain in effect until resolution by trial of the remaining issues, which are hereby severed. As so modified, the order is otherwise affirmed, without costs or disbursements to either party. The plaintiff-appellant-landlord's alleged breach of the covenant not to unreasonably withhold

its consent to a sublease did not justify an abandonment of the premises on the part of the defendant-respondent-tenant and did not exonerate a refusal or failure to pay rent. A tenant's remedy in such a situation is an action for damages or, as in the case at bar, the interposition of a counterclaim in the plaintiff-appellant-landlord's action for the rent. (*Herstein Co.* v. *Columbia Pictures Corp.*, 4 N Y 2d 117, 121; *Fourth Ave. Mgt. Corp.* v. *Mallon,* 21 A D 2d 685; *Arlu Assoc.* v. *Rosner,* 14 A D 2d 272, affd. 12 N Y 2d 693.) The issues of the timeliness of the respondent-tenant's notice of intent to sublet and of the reasonableness of the appellant-landlord's withholding of its consent to the proposed subletting, as the Special Term decided, cannot be summarily resolved. Settle order on notice. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Steuer, JJ.