■ ELAINE PARKS, Respondent, v FRED MENGONI, Appellant. — Order and judgment, Supreme Court, New York County (Blyn, J.), entered April 4, 1983, which, in a declaratory judgment action, granted plaintiff's motion for summary judgment declaring that defendant landlord had unreasonably withheld consent to the assignment of plaintiff's lease, ordered defendant to consent to the assignment, and enjoined defendant from interfering with the assignment, modified, on the law, without costs, to declare that the assignment was not legally effective or enforceable, and to vacate the direction to the defendant to consent to the assignment, and to further vacate the injunction prohibiting defendant from interfering with the assignment, and otherwise affirmed. ¶ The plaintiff, Elaine Parks, was the lessee of a rent-stabilized apartment in a building owned by the defendant, Fred Mengoni, under a lease which, as renewed, was to run through May 31, 1984. The lease provided that any assignment or sublease required the prior written consent of the landlord except as permitted by section 226-b of the Real Property Law. ¶ On November 15, 1982 plaintiff sent a letter by certified mail to defendant which included a notice of intent to assign the lease to one Robert Zemsky. Defendant's counsel in turn mailed a questionnaire relating to the proposed assignment and an application to assign the tenancy. Following receipt of the tenant's responses by defendant's counsel, the request to assign was rejected by the landlord in a letter which stated, as grounds for the rejection, that the home address of the proposed assignee was not included; that the landlord wished to regain possession of the apartment; and that the landlord did not interpret section 226-b of the Real Property Law as permitting assignment of rent-controlled or rent-stabilized apartments. ¶ Plaintiff then commenced the present action seeking a declaration that the landlord had unreasonably withheld consent to the assignment and was required to assign the lease, and also requesting related injunctive relief. The plaintiff then moved by order to show cause for essentially the same relief requested in the action. ¶ The motion was granted in all essential respects, Special Term concluding, pursuant to *Conrad v Third Sutton Realty Co.* (81 AD2d 50), that the landlord had unreasonably withheld consent, and that there was no factual basis for defendant's further contention that the assignment to Zemsky had preceded the application. ¶ In light of the amendment to section 226-b of the Real Property Law, effective June 30, 1983, the order and judgment appealed from must be reversed to the extent of declaring that the assignment was not legally effective, striking the direction to the landlord to consent, and further vacating the accompanying injunctive relief. ¶ As amended, subdivision 1 of section 226-b of the Real Property Law provides in pertinent part that unless a greater right to assign is conferred by the lease, the owner may unconditionally withhold his consent to the assignment provided that he shall release the tenant from the lease upon request of the tenant upon 30 days' notice if the owner unreasonably withholds consent. ¶ Subdivision 7 of section 226-b of the Real Property Law provides as here pertinent that the amendment "shall apply to all actions and proceedings pending on the effective date of this section." The action having been pending on the effective date of the amendment, the assignment must be deemed legally ineffective, and the related relief granted by Special Term must be vacated. (See *Vance v Century Apts. Assoc.,* 61 NY2d 716; *Fox v 85th Estates Co.,* 100 AD2d 797.) ¶ We observe, however, that the record supports Special Term's conclusion that the grounds assigned by the landlord for rejecting the proposed tenancy were unreasonable, the failure of the tenant's answer to provide the home address of the assignee having been clearly inconsequential under the circumstances, and the other grounds assigned having been without merit. Nor do we see any basis for disturbing Special Term's conclusion that there was no factual showing that the assignment had preceded the request to assign. Concur — Sandler, J. P., Sullivan, Ross, Milonas and Kassal, JJ.