OPINION OF THE COURT

Per Curiam.

Final judgment entered August 5, 1983 modified by striking the awards to tenant of punitive damages and attorney’s fees; as modified, final judgment affirmed, without costs.
Tenant occupied adjoining stabilized apartments (numbers 19-G and 19-H) at premises 200 East 72nd Street, New York City. The term for apartment 19-G expired *1088 October 31, 1982. In early 1982, tenant’s husband (together with their son) relocated to Houston, Texas, apparently because of marital difficulties. All furniture and personal property was removed from apartment 19-G in April, 1982, with tenant continuing to reside in apartment 19-H only.
In June, 1982, tenant requested permission to sublease apartment 19-G for the period June 10,1982 — September 30, 1983. Landlord withheld consent for various reasons, among them the ground that tenant was seeking to sublet for a period subsequent to the expiration of the current lease. A request to sublease to another subtenant in August, 1982 was rejected for similar reasons. Upon landlord’s refusals to consent, tenant ceased paying rent for vacant apartment 19-G. Landlord, for reasons unexplained, did not bring a nonpayment proceeding for 13 months. Tenant counterclaimed in that proceeding for damages sustained by landlord’s alleged unreasonable refusal to consent to a sublease. The Housing Court granted landlord a judgment for rent on its petition. On the counterclaim, the court found that landlord had wrongfully withheld permission to sublet, and awarded compensatory damages of 80% of the prime lease rent for the 13-month period. Additionally, the court took the position that “punitive damages should lie in a situation like this”, and assessed the landlord $4,000, although such relief had not been requested by tenant. Landlord appeals.
To start with, we agree with Housing Court that landlord’s refusal to consent was unreasonable. At the time of the request(s) to sublet, tenant had indicated to landlord that she was going to exercise her statutory right to renew her own prime lease, so that the sublease term would have simply carried over into part of the new term demised under the renewal lease. Since the estate of a stabilized tenant will automatically extend beyond the expiration date of any given lease, when the renewal option is exercised, it follows that the term of a sublease is not necessarily limited by the expiration date of the prime lease. The Legislature has now clarified this point by expressly providing that “it shall be unreasonable for an owner to refuse to consent to a sublease solely because such sublease *1089 extends beyond the tenant’s lease” (Administrative Code of City of New York, § YY51-6.0, subd c, par [14], cl [g]).
Landlord further contends that even assuming its refusal to consent was unreasonable, section 226-b of the Real Property Law does not authorize the recovery of compensatory damages. At common law, when a landlord violated a covenant not to withhold consent unreasonably, the tenant could adopt one of various strategies (1 Rasch, NY Landlord & Tenant — Summary Proceedings [2d ed], § 269). He could proceed to sublet and then defend the landlord’s eviction proceeding. (Tenant elected not to follow that course here because, as she testified, the proposed subtenants] would not enter into possession knowing that the landlord had not approved the transaction.) Alternatively, the tenant could seek declaratory relief as to his right to sublet (see Conrad v Third Sutton Realty Co., 81 AD2d 50). Or, where the tenant had refused to pay rent after consent was denied, he could (as here) counterclaim for damages in the landlord’s action for rent (601 West 26 Corp. v Wiley & Sons, 32 AD2d 522, and cases cited).
We do not find an award of consequential damages to be inconsistent with or repugnant to the provisions of section 226-b of the Real Property Law. Damages have been traditionally viewed as an appropriate remedy in cases where a landlord has breached his contract by unreasonably withholding consent; they are no less appropriate where a landlord has breached his statutory obligation not to unreasonably withhold consent (Real Property Law, § 226-b, subd 2, par [a]). The fact that the statute permits a tenant to also recover costs and attorney’s fees where the landlord has acted “in bad faith” (Real Property Law, § 226-b, subd 2, par [c]) does not, without more, imply that the Legislature thereby meant to exclude the remedy of damages. Landlord would argue that tenant, by failing to immediately seek declaratory relief, did not mitigate her damages. This argument cuts both ways, however, and it seems to us that landlord was equally lax in failing to bring its own nonpayment proceeding for 13 months.
On the other issues raised, this was an ordinary landlord-tenant dispute and we discern no willful misconduct or unconscionable behavior on landlord’s part which would *1090 justify the court’s sua sponte award of punitive damages. As to attorney’s fees, since landlord prevailed on its claim for rent and tenant substantially prevailed on her counterclaim, each side should bear responsibility for its own legal costs. Accordingly, the award of attorney’s fees to tenant is stricken.
Dudley, P. J., Hughes and Sandifer, JJ., concur.