■ 72ND STREET ASSOCIATES, Appellant, v DAVID PYLE et al., Respondents. — Order, Appellate Term, Supreme Court, First Department, entered May 15, 1984, which modified a judgment of Civil Court, New York County (Ralph Waldo Sparks, J.), entered August 5, 1983, by striking therefrom the awards of punitive damages and attorney's fees to the tenant respondents and affirmed the grant to them of compensatory damages allegedly resulting from landlord appellant's unreasonable withholding of its consent to sublet the tenant respondents' apartment is unanimously modified, on the law, without costs, to the extent of striking the award of compensatory damages and otherwise affirmed.

Section 226-b (subd 2, par [c]) of the Real Property Law provides that where a landlord unreasonably withholds consent to a tenant's request to sublet premises, the tenant, nevertheless, "may sublet in accordance with the request and may recover the costs of the proceeding and attorneys fees if it is found that the owner acted in bad faith by withholding consent."

On appeal from the Civil Court judgment that awarded compensatory damages on tenant respondents' counterclaim, attorney's fees and punitive damages, Appellate Term appropriately struck the trial court's award of punitive damages and ruled that because each side prevailed in part, they should each bear responsibility for their counsel fees. Permitting the award of compensatory damages to stand, however, was error.

As pointed out above, the statute expressly limits the remedies available to a tenant in instances such as this and those remedies are exclusive (*Vance v Century Apts. Assoc.,* 61 NY2d 716). Moreover, the provisions of the statute "apply to leases entered into or renewed before or after the effective date of [the amendment: June 30, 1983]" (Real Property Law, § 226-b, subd 3; *Vance v Century Apts. Assoc., supra*). Concur — Murphy, P. J., Ross, Carro, Milonas and Alexander, JJ. [124 Misc 2d 1087.]