■ RIVA BENNETT et al., Respondents, v ROCKROSE DEVELOPMENT CORP. et al., Appellants. — Order of the Supreme Court, New York County, (Allen Murray Myers, J.), entered February 27, 1984, granting plaintiff Bennett's motion for summary judgment and a permanent injunction, declaring her rights to assign her lease and prohibiting the landlord from barring such an assignment to plaintiff Braiterman, pursuant to a previous request, is modified, on the law, without costs, to deny the motion and instead to allow Bennett to be released from the lease and otherwise affirmed.

Appeal from order of the Supreme Court, New York County (Allen Murray Myers, J.), entered May 13, 1983, is dismissed as superseded by the appeal from the order entered on February 27, 1984, without costs.

Plaintiff Bennett attempted to assign the remaining portion of her apartment lease (six months) to plaintiff Braiterman. Plaintiff's apartment was rent stabilized, thus, the landlord would be required to grant the opportunity to renew the lease at term's end. The landlord refused to consent to the assignment.

While this case was pending, the Legislature addressed this scenario. It amended section 226-b of the Real Property Law (L 1983, ch 403, § 37). The statute, as amended, provides that a landlord may prevent assignments, even by unreasonably withholding consent, and the tenant's sole remedy is to be released from the lease, unless a greater right to assign is provided in the lease. A further provision of this section was designed to give this statute retroactive effect, so as to apply to all actions and proceedings pending on the effective date of this section.

Pursuant to the retroactive provision in the statute, the assignment in the case at bar was ineffective to transfer the leasehold interest, even though there was an action pending at the time the statute was passed. (*Parks v Mengoni,* 100 AD2d 785; *Vance v Century Apts. Assoc.,* 61 NY2d 716.) There is also no evidence that a greater right of assignment was provided to the tenant in this lease, so no assignment occurred. The tenant's sole remedy is to be permitted to be released from the lease. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Alexander, JJ.