■ PIERRE LEVAI, Respondent-Appellant, v ALCOMA CORPORATION, Appellant-Respondent. — Order of Supreme Court, New York County (Thomas V. Sinclair, Jr., J.), entered January 10, 1984, which denied plaintiff Levai's motion for summary judgment and defendant Alcoma's cross motion to dismiss the complaint, unanimously modified, on the law, to grant defendant's cross motion to the extent of declaring that the landlord properly refused consent to tenant's assignment of the lease when, in accordance with the statute, it offered plaintiff release from the lease upon surrender, and otherwise affirmed, with costs.

In September, 1969 plaintiff tenant entered into a lease with defendant landlord for apartment 9-E at 170 East 78th Street in New York City. The lease was renewed from time to time, with the final expiration date being September 30, 1984. In August, 1982, plaintiff left the apartment and purchased a cooperative elsewhere. He twice sought permission to sublet the apartment at 170 East 78th Street and finally requested landlord's consent to assign the lease by letter dated March 3, 1983, enclosing a response to landlord's questionnaire concerning the assignment. The landlord refused consent because the questionnaire was incomplete and the assignee would be purchasing furniture in the apartment, raising the possibility of profiteering or "key money" to be received by the tenant. The landlord offered to release the tenant from the lease if he would surrender the premises.

The tenant instituted this declaratory judgment action and moved for summary judgment declaring that the landlord's refusal to consent was unreasonable, and directing landlord to consent forthwith. The defendant landlord cross-moved to dismiss upon the ground that the complaint failed to state a cause of action, contending that the amendment to section 226-b of the

Real Property Law, effective June 30, 1983, abrogated the tenant's right to assign, and, alternatively, that the consent was reasonably withheld.

The new section 226-b is controlling, although the facts herein arose prior to its effective date. Subdivision 7 provides that it shall be applicable "to all actions and proceedings pending on the effective date of this section." This action was commenced after the effective date. Subdivision 1 of section 226-b allows the landlord to unreasonably withhold consent to an assignment, as here requested, if the landlord releases the tenant from the lease, "which release shall be the sole remedy of the tenant." In *Vance v Century Apts. Assoc.* (61 NY2d 716, 718), it was held that section 226-b, as amended, was to be applied to facts arising before its effective date and that "release from the lease is the sole remedy of a tenant where the landlord has unreasonably withheld consent to the tenant's request to assign the lease".

There is no merit to tenant's contention that section 226-b impaired plaintiff's contract rights in the lease. The lease itself does not provide for subletting or assigning by the tenant. The last renewal contains a rent stabilization rider concerning subletting which makes the tenant's rights subject to section 226-b. Here we are dealing with an assignment. Since the lease does not confer a greater right to assign, subdivision 1 of section 226-b is controlling and no rights under the lease have been impaired. Concur — Kupferman, J. P., Ross, Carro, Fein and Alexander, JJ.