■ DANIEL SITOMER, Respondent, v MELOHN PROPERTIES MANAGEMENT, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Kaplan, J.), entered December 14, 1983, which, *inter alia,* granted plaintiff's motion for summary judgment declaring that a certain lease assignment from Ellen Abrams to plaintiff was valid and effective, unanimously reversed, on the law, without costs or disbursements, the motion denied and the judgment vacated, defendant's cross motion to dismiss the complaint granted, and judgment directed declaring that the purported assignment of June 28, 1983, by and between plaintiff and Ellen Abrams, does not have any force and effect against defendant.

On May 25, 1983, and in accordance with the requirements of the now-repealed version of Real Property Law § 226-b, Ellen Abrams, a tenant at 33 Riverside Drive, sought the consent of defendant, her landlord, to the assignment of her lease to plaintiff. By letter of June 13, 1983, and after receipt of plaintiff's completed questionnaire, defendant rejected the proposed assignment on several grounds, none of which is herein relevant. Suffice to say, however, defendant's refusal to consent to the assignment was, as Special Term found, unreasonable. Abrams and plaintiff thereafter, on June 28, 1983, entered into a purported lease assignment, which, it should be noted, contained no recitation with respect to the landlord's consent thereto. Plaintiff took immediate possession of the apartment and, the next day, commenced this action for a declaration of his rights under the assignment, moving simultaneously therewith for summary judgment. Plaintiff's haste in seeking a judicial determination of his rights is perhaps explainable by the enactment, effective June 30, 1983, of a new Real Property Law § 226-b (L 1983, ch 403, § 37) which, unlike its predecessor, *inter alia,* expressly provided that the tenant's sole remedy in the event the landlord unreasonably withholds his consent to an assignment is release from the lease. Furthermore, under subdivision (7) of the new section, its provisions, except for certain informational requirements in seeking consent to sublease, not theretofore required,

were expressly made applicable "to all actions and proceedings pending on the effective date of this section." Moreover, under subdivision (3), it was to apply, subject to certain express exceptions not here relevant, to all leases entered into or renewed before or after the effective date of the legislation. Defendant, on the basis of the retroactive effect of the new legislation, cross-moved to dismiss the complaint. Special Term granted plaintiff's motion and denied the cross motion, finding defendant's refusal to consent to the assignment to be unreasonable and that such refusal was, under the repealed section 226-b, construed as a consent. In reaching its determination, Special Term held that retrospective application of the new section 226-b was constitutionally proscribed as constituting an impairment of contractual obligation. We disagree and, accordingly, reverse and grant defendant's motion to dismiss the complaint.

Since plaintiff's sole argument is that the new section 226-b may not be retroactively applied, the issue is easily resolved. We have, in other cases, citing *Vance v Century Apts. Assoc.* (61 NY2d 716), applied the statute retroactively. (*See, e.g., Parks v Mengoni,* 100 AD2d 785; *Fox v 85th Estates Co.,* 100 AD2d 797; *also, Bennett v Rockrose Dev. Corp.,* 106 AD2d 256; *Levai v Alcoma Corp.,* 106 AD2d 292.) Indeed, in *Vance,* the precise constitutional argument raised here was urged upon the Court of Appeals, which applied the statute retroactively, as written, and noted that it had considered all of the appellants' claims and found them to be without merit. Even though *Vance,* unlike here, involved an action by the tenant, we find it controlling. Accordingly, defendant is entitled to a dismissal of the complaint and a declaration in its favor. Concur — Kupferman, J. P., Sullivan, Ross and Carro, JJ.