OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court, New York County, for the entry of judgment declaring the current section 226-b of the Real Property Law applicable to this action and declaring the rights of the parties thereunder in accordance with this memorandum.
Under the former version of Real Property Law § 226-b, a landlord who failed to send a notice responding to a tenant’s request to assign his lease was deemed to, consent to the proposed assignment. Under the present section 226-b, where a landlord unreasonably withholds consent to a proposed assignment, whether by not sending a notice responding to the request or by setting forth an unreasonable basis for not consenting, the tenant’s only remedy is, if he so chooses, to be released from the lease. Under section 226-b (7), this new provision concerning assignment is applicable “to all actions and proceedings pending on the effective date of this section [June 30, 1983]”.
Although the landlord’s failure to send a notice herein occurred prior to June 30,1983, plaintiffs’ action for a declaration that the defendant landlord was deemed to have consented to the proposed assignment was “pending” on that date (see, Vance v Century Apts. Assoc., 61 NY2d 716). Plaintiffs’ argument, that because all of the facts which entitled them to proceed with the assignment occurred prior to June 30,1983 they had a “vested” right which could not be disturbed by the new statute, is unpersuasive in view of our retroactive application of section 226-b in Vance v Century Apts. Assoc. (supra) and Tagert v 211 E. 70th St. Co. (63 NY2d 818), which are indistinguishable-for purposes of this argument.
Consequently, the current section 226-b is applicable, and under this provision the defendant’s failure to send a notice only entitles the plaintiff Blum to be released from her lease.
We have considered the constitutional issue raised and find it to be without merit.
*942 Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judge Alexander taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and case remitted to Supreme Court, New York County, for entry of judgment in accordance with the memorandum herein.