■ PETER G. SCHMIDT, Respondent, v SOLOW MANAGEMENT CORP., Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about June 5, 1984, which granted plaintiff's motion for summary judgment declaring that defendant landlord had unreasonably withheld consent to the proposed sublet of plaintiff's apartment and that plaintiff is authorized to sublet the subject premises, severed that branch of the action seeking compensatory damages and attorney's fees, and directed an assessment thereof, is reversed, on the law, and plaintiff's motion for summary judgment denied, with leave to renew by either party, without costs or disbursements.

CPLR 3212 (a) provides that a party may move for summary judgment after issue has been joined. A motion is made when a notice of the motion or an order to show cause is served. (CPLR 2211.) In that connection, the instant motion was made prior to the time that issue was joined, and, therefore, plaintiff's motion for summary judgment should not have been granted. Although

this court has held that in special circumstances wherein a prompt determination on the merits is essential and there are no disputed issues of fact, summary judgment may be allowed prior to the joinder of issue (*Kreitman v Einy,* 92 AD2d 801), the present situation does not present such a special case. An examination of the record herein reveals that there remain unresolved factual questions concerning plaintiff tenant's primary residence and the ability of the prospective subtenant to meet his financial obligations under the lease, matters which are clearly relevant to the issue of whether consent to the proposed sublet was unreasonably withheld by the landlord. However, since further discovery may be useful in providing additional information with regard to these issues, we do not preclude the parties from bringing another motion for summary judgment at a future time. As to the recoverability of compensatory damages in an action commenced pursuant to Real Property Law § 226-b (2) (c), attention is directed to this court's recent decision in *72nd St. Assoc. v Pyle* (105 AD2d 607) wherein we held that "the statute expressly limits the remedies available * * * in instances such as this and those remedies are exclusive". Concur — Kupferman, J. P., Sullivan, Fein and Milonas, JJ.