OPINION OF THE COURT
Per Curiam.
Order dated May 30, 1984 modified to the extent that on reargument, petitioner’s motion for summary judgment is granted; as modified, order affirmed, with $10 costs to the appellant.
Appeal from order entered April 17, 1984 dismissed, without costs, as moot.
Real Property Law § 226-b (1), as amended, effective June 30, 1983, provides: "Unless a greater right to assign is conferred by the lease, a tenant renting a residence may not assign his lease without the written consent of the owner, *357 which consent may be unconditionally withheld without cause provided that the owner shall release the tenant from the lease * * * if the owner unreasonably withholds consent which release shall be the sole remedy of the tenant.” Tenant’s lease did not confer a greater right to assign than that given in the statute. Accordingly, the amended section 226-b is controlling, albeit the operative facts occurred prior to June 30, 1983 (Vance v Century Apts. Assoc., 61 NY2d 716; Blum v West End Assoc., 64 NY2d 939), and is to be applied in actions pending on June 30, 1983 and actions commenced after that date (Levai v Alcoma Corp., 106 AD2d 292). Since tenant’s last lease has expired, landlord is entitled to a possessory judgment against the assigning tenant and the assignee in possession.
Hughes, J. P., Riccobono and Sandifer, JJ., concur.