OPINION OF THE COURT
David Goldstein, J.
Claimant brings this proceeding to recover $822.95 return of a security deposit, with interest from November 1, 1987, when claimant vacated his apartment, 10 months before his existing lease was to expire, on August 31, 1988. The tenant quit the premises after the landlord had withheld its consent to assign *611 the balance of the lease, which withholding, defendant conceded at trial, was unreasonable and without cause. The landlord’s letter gave no reason for refusing permission and none was offered at trial.
Instead, defendant sought to interpose a counterclaim for one month’s rent ($822.95), for November 1987, claiming that the tenant did not request to be released from the lease after the landlord had unreasonably refused to consent to the assignment. Real Property Law § 226-b (1) directs that the owner release the tenant from the lease, under such circumstances, "upon thirty days notice if the owner unreasonably withholds consent”.
At trial, the court precluded defendant from interposing a counterclaim since there had been no attempt by counsel to do so until after the close of claimant’s case, notwithstanding that the claim had appeared on the calendar the previous week, March 29, 1988, was extensively conferenced by Judge Milano at that time and, prior to trial, was conferenced by my law assistant. Defense counsel’s exception was noted on the record and defendant was permitted to raise the issue as a defense or offset.
Upon further reflection, bearing in mind the underlying function of the court in a small claims matter to effect "substantial justice” (CCA 1804), defendant should not have been foreclosed from asserting its counterclaim for affirmative relief, which the court, sua sponte, now considers on the merits. Although, normally, this would require a reopening of the trial, this is unnecessary here, since the exhibits offered in evidence suffice to permit the court to pass upon the merits of the counterclaim.
Real Property Law § 226-b (1) provides with respect to assignment of a lease as follows: "Unless a greater right to assign is conferred by the lease, a tenant renting a residence may not assign his lease without the written consent of the owner, which consent may be unconditionally withheld without cause provided that the owner shall release the tenant from the lease upon request of the tenant upon thirty days notice if the owner unreasonably withholds consent which release shall be the sole remedy of the tenant. If the owner reasonably withholds consent, there shall be no assignment and the tenant shall not be released from the lease.” (Emphasis added.)
Under the clear terms of the statute, where the landlord *612 either fails to respond to the tenant’s request or unreasonably refuses to consent to the assignment, "the tenant’s only remedy is, if he so chooses, to be released from the lease.” (Blum v West End Assocs., 64 NY2d 939, 941; see also, Vance v Century Apts. Assocs., 61 NY2d 716; Sitomer v Melohn Props. Mgt, 108 AD2d 706, affd 65 NY2d 881; 72nd St. Assocs. v Pyle, 105 AD2d 607.)
The lease at issue here, in paragraph 3 thereof, tracks the language of the statute, albeit with far less specificity, as follows: "Tenant will not assign or sublease all or any part of this apartment and will not let any other person reside in or use the apartment. Each time the tenant wants to assign or sublease the apartment or any part of it, the tenant must get the prior written permission of the Landlord before the tenant assigns or subleases the apartment or any part of it. The Landlord does not have to approve the sublease or assignment and can require the tenant to either vacate or not sub-lease. If the tenant violates this clause, the Landlord can cancel this lease and tenant must immediately vacate.”
The facts in this case are not in dispute and, for the most part, were stipulated to at trial. On September 14, 1987, claimant sent two letters to the landlord, one requesting permission to assign the lease to certain named individuals and, the second, advising defendant that the tenants wished to vacate the apartment by November 1, 1987. Before the landlord could respond, on September 21, 1987, claimant amended his request by changing the names of the prospective assignees, since he had learned that the original designees could not proceed with the transfer. The proposed assignees were attorneys, employed by the City of New York. On October 5, 1987, the landlord refused to consent to the assignment, without ascribing any reason therefor. Thereafter, on October 16, 1987, claimant’s former attorney wrote to advise defendant that, under Real Property Law § 226-b, the landlord had unreasonably withheld consent, thus requiring release of the tenant from the lease by October 31, 1987. Defendant responded on October 29, 1987, that it would release the tenant as of November 30, 1987.
Thus, the position assumed by the landlord, both in its correspondence and at trial, is that there must be an express request by the tenant to be released from the lease, and that such request must be made after the landlord has refused to consent to the assignment. This argument, however, overlooks the underlying purpose of the 30-day notice provision in the *613 statute, which is to afford the landlord a 30-day period to relet the premises where there has been an unreasonable refusal to consent to an assignment, which refusal the tenant has elected to use as a basis to quit possession in lieu of remaining on for the balance of the lease term. Although the lease at issue here does not include the 30-day notice provision contained in Real Property Law § 226-b (1), in my view, this statutory period must be incorporated into the terms of the lease.
Under the facts of this case, on October 5, 1987, when the landlord refused to consent to the assignment, it knew that the tenant had elected to be released since the initial correspondence, on September 14, 1987, advised defendant that claimant desired to vacate the apartment by November 1, 1987. Actually, the landlord had such advice in the middle of September 1987, on receipt of the tenant’s initial correspondence. The clear purpose of that letter was to notify the landlord that the tenant did not seek to remain on the lease if the landlord withheld consent to the proposed assignment. Essentially, what the tenant did here was to combine, in one letter, the request to assign with notice of his election to be released from the lease under Real Property Law § 226-b (1). The legislative provision does not in any way preclude the tenant from proceeding in this manner. This is especially so where, as here, the contrary result would permit the landlord to unnecessarily extend the period during which it could compel the tenant to remain on the lease, notwithstanding its unreasonable refusal to consent to the assignment, with knowledge that, in such event, the tenant sought to be released from the lease. The construction urged by the landlord in this case would expand the protective scope of the statute beyond that contemplated by the Legislature. The result would be most inequitable, a relevant factor in light of the court’s function to do substantial justice under the controlling principle applicable in small claims proceedings (CCA 1804).
Accordingly, inasmuch as it is conceded that there were no arrears in rent as of November 1, 1987, and no defense has been raised as to the condition of the premises upon surrender of possession by the tenant, claimant is entitled to judgment directing the return of his security deposit in the sum of $822.95, with interest from November 1, 1987. The counterclaim for one month’s rent for November 1987 is dismissed, on the merits.