■ COLLEEN TERIAN, Respondent, v PETER TERIAN, Appellant. [621 NYS2d 69] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered May 18, 1993, which, upon granting plaintiff's motion for reargument, modified a prior order, same court and Justice, entered February 5, 1993, to the extent of denying defendant summary judgment on his counterclaim for attorney's fees, unanimously affirmed, without costs.

There is no merit to defendant's argument that plaintiff's cause of action for breach of the stipulation of settlement did not include a claim that the defendant had failed to maintain the required life insurance policy, such claim having been clearly set forth in both plaintiff's notice to cure dated November 16, 1990 and the verified complaint. Inasmuch as defendant admits that he allowed the policy to lapse and did not reinstate it until after plaintiff commenced these enforcement proceedings, plaintiff was properly deemed to be a "successful" party on that issue, and as the stipulation contains no provision for apportioning attorney's fees in the event both parties are successful to some extent in enforcement proceedings, the IAS Court properly determined that each party should be responsible for his or her own legal fees *(see, 72nd St. Assocs. v Pyle,* 105 AD2d 607, *appeal dismissed* 64 NY2d 774). Concur —Murphy, P. J., Rosenberger, Williams and Tom, JJ.