■ CITY OF NEW YORK, Appellant, v WINSTON DAVIS et al., Respondents. [622 NYS2d 559] —In a nuisance abatement action, the City of New York appeals from so much of a judgment of the Supreme Court, Queens County (Price, J.), dated October 27, 1992, as amended January 6, 1993, as, upon awarding it a permanent injunction prohibiting the defendants' maintenance of a nuisance, denied its applications (1) for compensatory damages and for the imposition of civil penalties and fines, and (2) to punish the defendant Winston Davis for contempt.

Ordered that the judgment, as amended, is modified by deleting the provisions thereof which denied the application of the City of New York for damages and for the imposition of fines and penalties; as so modified, the judgment, as amended, is affirmed insofar as appealed from, with costs to the City of New York, and the matter is remitted for a new hearing in accordance with this determination.

While we disagree with the hearing court's finding that the City of New York was precluded from recovering fines, penalties, and damages stemming from 1987 based upon laches *(see, Dwyer v Mazzola,* 171 AD2d 726), we find that the City's course of conduct during litigation in entering into a series of stipulations constituted an implied waiver of its right to such fines, penalties, and damages for that period *(see, Salesian Socy. v Village of Ellenville,* 41 NY2d 521, 523-525; *see also, Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272; *Matter of Sacco v Profit,* 133 AD2d 535; *Nishman v De Marco,* 76 AD2d 360, 366-371). Indeed, prior to the hearing, the City attorney conceded that it entered into the stipulations to allow continued cleanup of the premises in question and to "minimize the damages".

Nonetheless, there, should be a new hearing limited to the issues of the consequential damages and the fines or penalties which should be imposed, if any, based upon the defendants' violation of the last stipulation which was executed on October 15, 1991. The scope of the hearing should also focus on whether, since the date of the last stipulation, the defendants recommenced the operation of prohibited businesses which were enjoined by prior court orders.

Because the City agreed to allow the defendant Winston Davis further time to clean up the premises in lieu of a hearing on contempt or immediate incarceration, the City's claim that the trial court erred in denying its contempt application is without merit.

We have reviewed the City's remaining contentions and find them to be without merit or academic in light of our determination. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.