*693 OPINION OF THE COURT
Per Curiam.
Order entered June 7, 1999 modified by denying landlord’s motion for summary judgment dismissing the first counterclaim, and said counterclaim is reinstated; as modified, order affirmed, without costs.
Tenant’s original 1973 lease stated, in a rider provision: “Tenant shall have the right to sublet the demised premises to a subtenant, but the sublessee and the terms of the sublease shall be first approved in writing by landlord, which approval shall not be unnecessarily withheld.” In this nonpayment proceeding, tenant counterclaimed for lost sublease income attributable to landlord’s alleged wrongful refusal to approve a proposed sublet. Civil Court dismissed the claim, reasoning that since the lease did not confer upon the tenant “any greater right to sublet” than that set forth in Real Property Law § 226-b, tenant’s relief is limited to the exclusive remedies provided in that statute.
It is settled that in an action commenced pursuant to Real Property Law § 226-b (2) (c), compensatory damages are not available and the tenant is limited to the “exclusive” statutory remedies in the event a landlord unreasonably withholds consent to a sublease (72nd St. Assocs. v Pyle, 105 AD2d 607; Schmidt v Solow Mgt. Corp., 111 AD2d 619). However, we do not believe that the Legislature intended to affect enforcement of preexisting contractual rights in leases predating the enactment of section 226-b. “Section 226-b of the Real Property Law was not intended to take away any rights of the tenant” (Lexann Realty Co. v Deitchman, 83 AD2d 540, 541 [Silverman, J., concurring]). Clearly, the purpose of the statute was remedial and intended to increase tenants’ rights during a period of housing scarcity by permitting them to sublet premises not in use (see, Conrad v Third Sutton Realty Co., 81 AD2d 50). This tenant had previously negotiated the affirmative right to sublet, subject to prior approval which could not be “unnecessarily withheld.” For breach of this lease covenant, tenant retains the traditional remedy of damages (see, e.g., 601 W. 26 Corp. v Wiley & Sons, 32 AD2d 522). Accordingly, the counterclaim is reinstated and remanded for further proceedings on the issue of landlord’s withholding of consent.
In the absence of a cross appeal, we do not address or reach the propriety of Civil Court’s dismissal of the nonpayment petition.