McCooe, J.
(dissenting).
I respectfully dissent. The enactment of Real Property Law § 226-b reflects the legislative intent to limit the sublet rights and remedies of landlords and tenants to those statutorily specified, whether or not greater rights in the lease predate the passage of the law. This intent is clearly shown by comparing the disparate statutory treatment of assignment and sublet rights in the same section which specifically authorizes greater contractual rights for an assignment but is silent as to a subletting. Subdivision (1) applies to assignments and subdivision (2) to sublets.
“Section 226-b. Right to sublease or assign.
“1. Unless a greater right to assign is conferred by the lease, a tenant * * * may not assign his lease without the written consent of the owner * * *
“2. (a) A tenant * * * shall have the right to sublease * * * subject to the written consent of the landlord * * * Such consent shall not be unreasonably withheld * * *
“(c) * * * if the landlord unreasonably withholds consent, the tenant may sublet in accordance with the request and may recover the costs of the proceeding and attorneys fees if it is found that the owner acted in bad faith by withholding consent.
“3. The provisions of this section shall apply to leases entered into or renewed before or after the .effective date of this section * * *
“5. Any sublet or assignment which does not comply with the provisions of this section shall constitute a substantial breach of lease or tenancy.” (Emphasis supplied.)
The intention of the Legislature is the “primary consideration of the courts” in the interpretation of a statute and the insertion of the broader language for an assignment and the omission of similar language for a sublease is a clear indication of its intent to exclude greater sublease rights. (McKinney’s Cons Laws of NY, Book L, Statutes §§ 92, 97, 240.) Real Property Law § 226-b (3) indicates that this section applies to the lease entered into prior to the passage of this law. Subdivision (5) provides that noncompliance constitutes a substantial breach of the lease. (Rima 106 v Alvarez, 257 AD2d 201, 205.) The reference to expanded sublet rights in a lease in McDermott v Pinto (101 AD2d 224, 229) is dicta.
The tenant is held to the statutory “unreasonably withheld” and not the lease “unnecessarily withheld” standard and its remedies are statutory. (72nd St. Assocs. v Pyle, 124 Misc 2d *695 1087, affd as mod 105 AD2d 607, appeal dismissed 64 NY2d 774.) The rationale of the motion court for affirmance is not adopted.
The order should be affirmed since as a matter of law the tenant has not complied with the statutory information requirements.
Parness, P. J., and Gangel-Jacob, J., concur; McCooe, J., dissents in a separate memorandum.