OPINION OF THE COURT
Howard S. Miller, J.
This is apparently a case of first impression in this court. It raises the question of whether counsel fees can be recovered by a landlord against a tenant, utilizing a small claims action that was instituted after the stipulated settlement of a landlord/tenant holdover summary proceeding where the *145 landlord did not, and probably could not, seek counsel fees. The following facts have either been stipulated by the parties, or else appear from the court’s file.
Plaintiff (landlord) and defendant (tenant) entered into a lease whose term expired January 30, 2002. The lease provided for the payment of counsel fees, as follows: “Legal Fees. If Landlord is successful in a legal action or proceeding between Landlord and Tenant relating to the non-payment of rent or recovery of possession of the Leased Premises, Landlord may, to the extent legally available, recover reasonable legal fees and costs from Tenant.”
Plaintiff commenced a holdover summary proceeding by notice of petition dated May 3, 2002. The petition sought a judgment of possession and use and occupancy from May 1, 2002. It did not seek legal fees.
On June 3, 2002, plaintiff/petitioner and defendant/ respondent, by counsel, entered into a stipulation of settlement of the landlord/tenant proceeding. The stipulation provided for an immediate judgment of possession, with a warrant of eviction stayed until July 31, 2002, provided that tenant paid “rent” for the months of May, June, and July. The stipulation said nothing about legal fees.
Plaintiff/petitioner was subsequently issued a judgment of possession and warrant of eviction stayed until July 31, 2002. On July 8, 2002, the plaintiff/petitioner sought an immediate warrant of eviction, with no stay, on the grounds that the defendant/respondent had not paid the July “rent.” The requested warrant was issued on July 9, 2002, but apparently the defendant vacated the premises before the warrant was executed.
Plaintiff’s attorney billed her the sum of $1,585 for summary proceedings to evict defendant herein, and plaintiff paid the bill. She then brought this small claims action to recover the legal fees.
The court begins its analysis with the following prima facie proposition. Because the plaintiff brought a legal proceeding to recover possession and was successful in that proceeding, in the sense that she obtained a judgment of possession (which is the successful conclusion of any summary proceeding), she satisfied the conditions precedent to the recovery of legal fees, as stated in the agreement of the parties.
Defendant resists that proposition, however, on two grounds: (1) the stipulation resolving the summary proceeding contained *146 an implied waiver of the claim for legal fees, and (2) the plaintiff was not really “successful” in the summary proceeding because it was resolved by agreement stipulating a stayed warrant of eviction, rather than by a litigated judgment.
With regard to the first point of defense, defendant cites two key cases: Terian v Terian (211 AD2d 538 [1st Dept 1995]) and City of New York v Davis (212 AD2d 567 [2d Dept 1995]). Terian was not a landlord/tenant case, and it involved a claim by a defendant for attorneys’ fees when the plaintiff had filed suit, claiming a breach of a prior stipulation of settlement. The stipulation itself had apparently provided for attorneys’ fees to the successful party in a suit for breach of the stipulation. The defendant admitted that he had indeed breached the stipulation, in at least one regard, and had cured the breach only after the plaintiff had commenced suit. In upholding the trial court’s denial of attorneys’ fees, the appellate court ruled that the plaintiff had been at least partially successful in the suit, and thus the defendant could not be entitled to attorneys’ fees under an agreement calling for their award only to a successful party. There was no finding that the stipulation had somehow waived claims for attorneys’ fees. Rather, the central question in Terian was whether the conditions precedent to a claim for attorneys’ fees had been met. Terian is thus no support for defendant’s proposition that the stipulation in the case at bar contained an implied waiver of the claim for attorneys’ fees.
City of New York v Davis (supra), also cited by the defendant, was not a case about attorneys’ fees. It was a case where the Court found, from the City’s conduct in entering into a series of stipulations, an implied waiver of the City’s rights to impose fines and penalties with regard to the conduct that was the subject of those stipulations. The Court based its decision in part on some admissions that had been made by the City attorney. In the case at bar, there is only one stipulation, and there are no admissions by the plaintiff’s attorney to support an argument that the plaintiff impliedly waived its right to attorneys’ fees.* Thus, Davis is also distinguishable.
The court believes it is almost axiomatic that a stipulation settling an action can settle only those issues which have in fact been made the subject of the litigation, or perhaps *147 (construing the stipulation liberally) which could have been made the subject of the litigation. If the parties wish to settle any broader issues, they need to provide explicitly for such a settlement, either by way of a general release or by explicit language in the stipulation. Defendant admits that a claim for attorneys’ fees could not have been made in a holdover summary proceeding, based on the terms of the original lease. Therefore, the court believes that no implication can be found, in a stipulation settling the summary proceeding, that a claim for attorneys’ fees was waived.
With regard to her second line of defense, defendant cites Solow v Risman (NYLJ, Feb. 6, 1997, at 29, col 6 [Civ Ct, NY County]), and argues that because the plaintiff/petitioner did not obtain an immediate eviction of the defendant, but rather one that was stayed until July 31, the plaintiff was not “successful” in the summary proceeding. The court finds that Solow will not support the weight of that argument.
Solow was a heavily-litigated case, with a two-year trial involving claims for rent and counterclaims for breach of warranty of habitability. The court found some substance to the tenants’ claims for breach of warranty, and so it ordered a rent abatement. Ultimately, part of that rent abatement was upheld on appeal. As a result, the court found that the plaintiff had not been successful in the suit, and it denied the plaintiff’s claims for attorneys’ fees.
Compared to the case at bar, Solow is a much stronger case for arguing that the plaintiff was not “successful.” The case at bar had no trial at all, the defendant/respondent presented no defenses or counterclaims, and the parties merely stipulated to an eviction within a time frame that corresponded roughly to what the plaintiff/petitioner could have expected from a litigated conclusion of the matter. It stretches credulity to argue that the plaintiff was not “successful” in the case at bar. If the court were to hold the plaintiff was “unsuccessful,” it would be only a short leap of logic to conclude that no petitioner in a summary proceeding can ever be successful if the respondent succeeds, by procedural tactics, in delaying the eviction past the date on which the petitioner demanded it.
The defendant having cited no persuasive authority to contradict the court’s prima facie conclusion, it follows that the plaintiff is entitled to judgment of $1,585, together with interest from June 14, 2002, which the court finds to be a reasonable fee under the circumstances.

 To the contrary, in fact, the undersigned (who happened to be the landlord/tenant judge who was presiding on the day that the stipulation was signed) has a recollection that there was discussion between the parties, perhaps off the record, to the effect that the plaintiff would indeed be pursuing a small claims action for attorneys’ fees.