Goldman v Wendell (2021 NY Slip Op 51015(U))

[*1]

Goldman v Wendell

2021 NY Slip Op 51015(U) [73 Misc 3d 133(A)]

Decided on November 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

570139/21

J.H. Goldman, A.H. Goldman, A.P.
Goldman, D.G. Kemper as Executors for the Estate of Lillian Goldman and Lillian Goldman
Family L.L.C. c/o LGF Enterprises, Petitioner-Landlord-Respondent, 
against
Ashley Wendell, Respondent-Tenant-Appellant, and Samantha
Kennis, "John Doe," and "Jane Doe," Respondents.

Tenant appeals from (1) an order of the Civil Court of the City of New York, New York
County (Anne Katz, J.), entered August 28, 2019, which, after a hearing, denied her counterclaim
for attorneys' fees in a holdover summary proceeding, and (2) an order (same court and Judge),
entered December 10, 2019, which denied her motion to reargue the aforesaid order.

Per Curiam.
Order (Anne Katz, J.), entered August 28, 2019, reversed, with $10 costs, tenant's
application for attorneys' fees granted and matter remanded to Civil Court for a hearing to
determine the reasonable value of attorneys' fees due tenant. Appeal from order (Anne Katz, J.),
entered December 10, 2019 dismissed, without costs, as nonappealable.
Upon the trial of this illegal sublet holdover proceeding, Civil Court dismissed the petition,
finding that tenant had complied with the requisites of Real Property Law (RPL) § 226-b(2)
in requesting to sublease her stabilized apartment and that landlord "unreasonably withheld its
consent" in "bad faith." No appeal was taken from this determination. In this posture, Civil Court
erred in failing to award tenant attorneys' fees. Irrespective of any lease provision authorizing an
award of attorneys' fees, RPL § 226-b (2)(c) expressly provides that where a landlord
unreasonably withholds consent to a tenant's request to sublet premises, the tenant ". . . may
recover the costs of the proceeding and attorneys fees if it is found that the owner acted in [*2]bad faith by withholding consent" (see 72nd St. Assoc. v
Pyle, 105 AD2d 607 [1984], appeal dismissed 64 NY2d 774 [1985]). Accordingly,
we remand for a determination of tenant's reasonable attorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 1, 2021