■ JEFPAUL GARAGE CORP., Appellant, v PRESBYTERIAN HOSPITAL IN CITY OF NEW YORK, Respondent. — Order, Supreme Court, New York County (Marks, J.), entered July 29, 1982, which denied plaintiff's motion for summary judgment, is unanimously reversed, on the law, without costs, and plaintiff's motion for summary judgment is granted to declare that plaintiff validly exercised its option for renewal of a commercial lease. By a lease executed in 1971, the assignor of the plaintiff tenant rented, for five years, commercial garage space, located at 507 West 166th Street, Manhattan, from defendant landlord. In 1973, the parties amended the lease so as: (1) to extend the term of the lease from 5 to 10 years, expiring on December 31, 1982; and (2) to give plaintiff the right to renew this lease, after December 31, 1982, for two more consecutive five-year terms. In 1981 plaintiff gave written notification to defendant that it was exercising this option, as to both additional periods. The defendant rejected plaintiff's exercise of the option because allegedly plaintiff had violated the provisions of the lease by paying rent late, subletting without defendant's permission, and using the garage for unauthorized purposes. Subsequent to the allegations of default, the defendant continued to accept rent from the plaintiff. The plaintiff commenced a declaratory judgment action. After issue was joined, plaintiff moved for summary judgment declaring that it had validly exercised its option to renew. Defendant opposed this motion. We find that Special Term erred in denying plaintiff's motion. The case of *Atkin's Waste Materials v May* (34 NY2d 422) is dispositive of the issue. In *Atkin's* (pp 426-427) a majority of the Court of Appeals wrote: "The exercise of an option by a tenant to extend a lease accomplishes not a new lease, but simply a prolongation of the original agreement, so that, in effect, the original lease became one for the entire term * * * Defendant continued to accept the rent * * * with knowledge of the defaults, if such there were. *When rent is accepted with knowledge of particular conduct which is claimed to be a default, the acceptance of such rent constitutes a waiver by the landlord of the default * * * The acceptance of the rent is in effect an election by the landlord to continue the relationship of landlord and tenant*" (emphasis added). Concur — Ross, J. P., Asch, Bloom, Fein and Lynch, JJ.