■ Monarch Information Services, Inc., et al. v 161 William Associates. — Defendant seeks leave to reargue or, in the alternative, to appeal to the Court of Appeals, from our order of March 27, 1984 (99 AD2d 1007), which reversed the order of Supreme Court, New York County (Richard W. Wallach, J.), entered September 2, 1983, denied defendant's cross motion to dismiss the complaint and granted plaintiffs' motion for a preliminary injunction. ¶ Reargument is granted and, upon reargument, our decision and order of March 27, 1984 is recalled and the order of Special Term (Richard W. Wallach, J.), entered on September 2, 1983, which denied plaintiffs' motion for a preliminary injunction and granted defendant's cross motion to dismiss the complaint, is modified, on the law, without costs, to the extent of denying defendant's cross motion and reinstating the complaint; and declaring in favor of the defendant; and granting plaintiffs 10 days to cure their default through a

reassignment of the lease, and otherwise affirmed. ¶ Our prior determination relied upon *Jefpaul Garage Corp. v Presbyterian Hosp.* (92 AD2d 514) to establish that acceptance of rent with knowledge of an alleged violation of a lease provision prohibiting assignment and/or subletting created a question of fact as to whether there was a waiver of that prohibition in the face of a specific nonwaiver clause in the lease. ¶ *Jefpaul* has now been reversed by the Court of Appeals (61 NY2d 442). That court held (p 446, in interpreting a lease provision substantially identical to the one at bar, that "[w]hile waiver may be inferred from the acceptance of rent in some circumstances, it may not be inferred, and certainly not as a matter of law, to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise. This lease * * * language is clear and unambiguous. The parties having mutually assented to its terms, the clause should be enforced to preclude a finding of waiver". Here, under the facts and circumstances presented by this record, the nonwaiver "clause should be enforced to preclude a * * * waiver". ¶ Accordingly, we declare in favor of the defendant, rather than dismissing the complaint (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.18, and cases cited at n 183a). The plaintiffs should be afforded one final opportunity to cure the default, however, if they be so advised. Concur — Murphy, P. J., Ross, Silverman, Fein and Alexander, JJ.