(March 14, 1989)

■ KILLINGTON INVESTORS, Respondent, v IRIA LEINO, Appellant.—Order of the Supreme Court, New York County (Alvin F. Klein, J.), entered on or about March 20, 1987, which denied defendant's motion for summary judgment dismissing the complaint, granted plaintiff's cross motion for summary judgment, awarded plaintiff use and occupancy at the rate of $350 per month from December 1, 1980 to December 31, 1984, and set the matter down for a hearing on attorney's fees and use and occupancy for the period beginning January 1, 1985, unanimously modified, on the law, plaintiff's cross motion for summary judgment and other relief denied, and otherwise affirmed, without costs. The defendant has occupied a loft, consisting of the entire sixth floor of premises at 137 Greene Street in Manhattan, since 1973. Her lease expired in 1978 and was never renewed. It is undisputed that the building is registered as an interim multiple dwelling pursuant to article 7-C of the Multiple Dwelling Law. The premises were converted to cooperative ownership in 1980, when the plaintiff purchased the shares allocated to defendant's loft unit.

By notice to cure dated November 14, 1984, the plaintiff notified the defendant that defendant had breached certain lease obligations. While various breaches were specified in the notice, the only breach argued on appeal by plaintiff was the defendant's allegedly unlawful subletting of the loft space. The plaintiff subsequently terminated the lease pursuant to the notice to cure, and brought the instant action for ejectment, use and occupancy, and attorney's fees. Both parties moved for summary judgment. The court below granted plain-

tiff's cross motion for summary judgment, finding that defendant had "ignored" the notice to cure and wrongfully held over.

We find that the court below erred in implicitly holding that there were no factual questions regarding whether defendant sublet the loft in violation of her lease. The plaintiff's evidence that a subletting had occurred consisted primarily of various documents gathered from trash bins by a private investigator hired by the plaintiff. These documents included preprinted "rent receipts" apparently given by defendant to various persons then occupying the loft, acknowledging the receipt of "rent". Nevertheless, evidence that third parties occupied the premises, standing alone, does not establish a subletting. The defendant admitted that she shared the apartment with roommates over the years. Whether defendant sublet the premises, or whether she shared the loft with successive roommates within the meaning of Real Property Law § 235-f, is a factual question which cannot be resolved on this record.

In view of our holding denying summary judgment, we set aside the direction that a hearing be held on the issue of use and occupancy and attorney's fees, as well as the award of "use and occupancy" for the period between 1980 and the purported termination of the tenancy, since defendant maintains that rent for this period was paid into court pursuant to a prior order of the court. While this prior order was without prejudice to seeking a greater rental amount, plaintiff has not demonstrated an entitlement to a greater amount of either rent or "use and occupancy", especially in view of the evidence that defendant may be a statutorily protected tenant under the Loft Law.

We feel compelled to comment upon the applicability of RPAPL 753 (4), which was not addressed by the court below, and whose order did not grant a 10-day stay of the warrant to cure the breach, because the argument was raised below, is briefed comprehensively on appeal, and will be in issue if the plaintiff eventually prevails in this action. Defendant contends that if the plaintiff establishes a breach of the lease, defendant should nevertheless have the benefit of the 10-day cure period provided in the statute. Whether the statute applies at all in an action pending in the Supreme Court, as opposed to a summary proceeding in the Civil Court, is an open question in this department. The Second Department, without discussion, has held the statute applicable to actions in the Supreme

Court. *(Cutler v North Shore Towers Assocs.,* 125 AD2d 532, 533.)

The legislative intent in enacting RPAPL 753 (4) was to enable residential tenants to obtain complete relief in the Civil Court, thus obviating the need, in most cases, for the tenant to seek a *Yellowstone* injunction *(First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630; *Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 27). Thus, a residential tenant served with a notice to cure is no longer constrained to commence a declaratory action in the Supreme Court nor apply for a *Yellowstone* injunction.

The Court of Appeals observed that the statute "is procedural and remedial in nature and it should be liberally construed to spread its beneficial effects as widely as possible." *(Post v 120 E. End Ave. Corp., supra,* at 24.) Clearly, a residential tenant who forebears from commencing a declaratory judgment, believing that he can obtain complete relief in the Civil Court, would be deprived of the benefit of the statute if the landlord unexpectedly commences an action for ejectment in Supreme Court instead of a summary holdover proceeding in the Civil Court, if we were to hold that RPAPL 753 (4) would not apply. The result would clearly frustrate the very purpose underlying the statute.

We are not persuaded that reference in RPAPL 753 (4) to "such proceeding", referring to RPAPL 753 (1) which, in turn, speaks of "a proceeding to recover the possession of premises * * * upon the ground that the occupant is holding over", does not by its terms include an action in ejectment predicated on the tenant's holding over. Even if we do not read the language of the statute as technically including actions for ejectment, we would so construe it, since "a policy so declared [by the Legislature] sometimes has to be followed by the courts in areas beyond the express reach of the statute for the sake of consistency in the administration of the law" *(Matter of Steinberg v Steinberg,* 18 NY2d 492, 497). We do not now reach or express any opinion on other matters raised on appeal, except that RPAPL 753 (4) will apply in a proper case pending in the Supreme Court. Concur—Murphy, P. J., Carro, Asch, Milonas and Smith, JJ.