■ MARIANNE NESTOR, Appellant-Respondent, v SIDNEY R. DIAMOND et al., Respondents-Appellants.—Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.) entered February 23, 1990, which, *inter alia,* directed defendant Sidney Diamond to sign the renewal lease previously tendered by plaintiff, deemed defendant Sidney Diamond to have renewed the lease for successive two year terms at rents in accordance with Rent Guidelines Board orders, awarded plaintiff $12,444.24 in rent arrears and overpayments for repairs undertaken by defendants, directed defendants to remove the washing machine and cure all violations of the plumbing and/or other codes of the City of New York caused by such installation at their own expense within thirty days of service of a copy of the order with notice of entry or suffer forfeiture of possession, and ordered that each

side bear its own legal fees, unanimously affirmed, without costs.

Defendants have resided, as rent stabilized tenants, in Apartment 9A of 965 Fifth Avenue since 1965. When the building was converted to cooperative ownership pursuant to a non-eviction plan in 1981, defendants did not purchase the shares allocated to the apartment. Plaintiff purchased those shares in September 1982, subject to defendants' rights of occupancy. In mid-1983, plaintiff served three separate notices to cure defendants' alleged material breach of the lease consisting of installation of a washing machine without landlord's written consent; refused to offer a renewal lease on grounds of such breach of the lease; and when the machine was not removed, served a notice of termination dated October 31, 1983. In administrative proceedings brought by defendants, the Conciliation and Appeals Board on October 27, 1983 directed plaintiff to tender a renewal lease for a term of one, two or three years, at tenants' option, without prejudice to plaintiff's right, if any, to commence an action against tenants as to the alleged violations of tenancy. Plaintiff did not offer defendants a renewal lease for approximately fifteen months. When one was finally tendered, defendants selected the three year renewal option, but refused to execute the instrument, on grounds that it was not on the same terms and conditions as the prior lease as it stated it was without prejudice to plaintiff's claims concerning tenants' occupancy, lease and tenancy violations.

In this action, plaintiff sought ejectment of defendants, declaratory and injunctive relief as to the alleged washing machine violation of the lease, and attorneys' fees. Defendants counterclaimed for, *inter alia,* reimbursement of repairs and alleged tortious conduct of landlord. The claims were referred to a Judicial Hearing Officer (JHO) to hear and report, who, based in large part upon the rejection of the credibility of defendant Sidney Diamond's testimony, reported and recommended that the lease had been violated by defendants' installation of a washing machine without landlord's knowledge or consent; that defendants be directed to take immediate steps to remove the washing machine from the premises and cure any violations of the plumbing and/or other codes of the City of New York that may have been the consequence of a faulty installation, at their own expense, or suffer forfeiture of possession; that defendant Sidney Diamond be required to sign the renewal lease prepared by plaintiff, as it was within the parameters of the rent stabilization rules and regulations;

that defendants' counterclaims, other than for $1,518 for reimbursement of expenses, be dismissed; and that both sides bear their own legal expenses. On cross-motions addressed to the JHO's report, Supreme Court essentially confirmed and adopted those findings and recommendations, and further implemented them by deeming defendants to have renewed for successive two year terms upon the expiration of the 1983-1986 renewal lease, and directed defendants to pay rent arrears. In settling the order and judgment thereon, the court found such rent arrears, representing guideline increases, to amount to $11,266.89 and found that other amounts owed by defendants to plaintiff exceeded plaintiff's reimbursement of repair obligations to defendants by $1,177.35. In their brief and an affidavit of compliance, defendants have asserted that the washing machine violation was cured on February 26, 1990, within three days of entry of the order and judgment, and months before service thereof with notice of entry; plaintiff has not disputed such cure in her reply brief.

We find plaintiff's contentions that there was error in the court's refusal to enter a judgment of possession and/or granting defendants thirty days to cure raise academic issues only, in light of defendants' cure of the violation within the ten day statutory period of RPAPL 753 (4), which we have previously held to apply to Supreme Court ejectment actions such as this (*Killington Investors v Leino,* 148 AD2d 334). Supreme Court properly rejected plaintiff's contention that she was entitled to recover legal expenses where she failed to offer defendants a renewal lease on the pretext of the washing machine violation of the lease and then failed to comply with the administrative order directing such tender for fifteen months (*see, Nesbitt v New York City Conciliation & Appeals Bd.,* 121 Misc 2d 336 [Sup Ct, NY County 1983]).

We have reviewed defendants' contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.