■ PETER LEEDS, Appellant, et al., Plaintiff, v BLONDIE MUSIC, INC., et al., Defendants, and DEBORAH HARRY et al., Respondents. [608 NYS2d 837] —Order, Supreme Court, New York County (Beverly S. Cohen, J.) entered July 1, 1993 which denied plaintiffs' motion for partial summary judgment and which granted defendants Harry and Stein's cross-motion for summary judgment, unanimously affirmed, with costs.

The IAS Court properly determined that paragraph 3 of the parties' settlement agreement may be only reasonably interpreted as allowing for commissions for work performed or created prior to February 9, 1985 except for activities undertaken by the defendants as members of the group "Blondie". Commissions on ASCAP royalties were clearly intended to be covered by subdivision (b) of paragraph 3 of the parties' agreement and the remaining claims for commission concerning agreements entered into in 1986 are not covered by subdivision (a) of paragraph 3 because these new agreements do not constitute renewals, extensions, substitutions or modifications of any pre-existing contracts. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.

■ 115-87 OWNERS CORP., Respondent, v GEORGE DOLGER et al., Appellants. [608 NYS2d 838] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered on or about June 4, 1993, which, *inter alia,* granted plaintiff's motion for summary judgment and awarded it possession of defendants' cooperative apartment, unanimously modified, on the law, to amend the order and judgment by including a 10 day cure period, and otherwise affirmed, without costs.

IAS correctly found, in view of the no waiver clause and other circumstances, that plaintiff did not waive defendants' violation of the proprietary lease in maintaining a professional practice in their apartment *(see, Monarch Information Servs. v 161 William Assocs.,* 103 AD2d 703). However, the failure to provide a postjudgment cure period pursuant to RPAPL 753 (4) was error, and we modify accordingly *(see, Nestor v McDowell,* 81 NY2d 410, 414, citing *Killington Investors v Leino,* 148 AD2d 334, 336). We have considered the parties' other contentions and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.