OPINION OF THE COURT
Per Curiam.
Final judgment entered April 19, 2000 reversed, with $30 *721 costs, and final judgment of possession directed in favor of tenant dismissing the holdover petition.
On this record, we conclude that tenant’s request to sublease pursuant to Real Property Law § 226-b, as amplified by his and the proposed subtenant’s detailed responses to landlord’s questionnaire, complied with the statute in all material respects and that landlord unreasonably withheld Ms consent. Civil Court’s finding to the contrary was against the weight of the record evidence and in derogation of the statute’s remedial purpose to permit bona fide sublets of apartment premises when they are not in use during a period of housing shortage (see, Conrad v Third Sutton Realty Co., 81 AD2d 50, 57).
Tenant clearly conveyed to landlord the reason for the subletting — to wit — his enrollment in a two-year graduate study program at a Florida university, and Ms intent to return to New York City to continue his studies at the Albert Ellis, Institute. At the time of the request, tenant had resided in the apartment premises for 12 years and, as noted in Ms response, had spent “most of my life, to date, here, and consider N.Y.C. my home.” This information was confirmed in the trial testimony below.
Landlord’s rejection, as set forth in its letter of August 9, 1999, was based upon no more than conjecture that “the move isn’t really transitory or temporary in nature.” In this regard, tenant’s transfer of certain readily movable household furnishings was hardly inconsistent with an intent to reoccupy at the expiration of the sublease. Nor was tenant’s “failure” to provide “documentary proof’ that the relocation to Florida “is in any way temporary” a valid reason for rejection where no request for such documentation had been made in the questionnaire. Further, the suggestion that the proposed subtenant would permanently remain in the apartment was equally speculative and without objective basis. We have previously stated that the “intent to return” element set forth in Rent Stabilization Code (9 NYCRR) § 2525.6 (a) should not be “construed so closely that it all but swallows up the right to sublet liberally granted to tenants by the statute” (Melohn v McDowell, NYLJ, Nov. 5, 1996, at 25, cols 2, 3 [App Term, 1st Dept]; see also, Pamela Equities Corp. v Camp, 127 Misc 2d 395, 400).
Finally, we do not view the proposed sublease rent of $536.52 per month, where the tenant’s rent was $510.98, as violative of Rent Stabilization Code (9 NYCRR) § 2525.6 (b) in the circumstances, and particularly note that landlord made no reference *722 or objection to the sublease rent when he rejected tenant’s request.
In summary, since permission to sublease was unreasonably withheld, there was no breach of a substantial obligation of the tenancy. The petition is dismissed.
Parness, P. J., Davis and Suarez, JJ., concur.