OPINION OF THE COURT
Gerald Lebovits, J.
In this holdover proceeding, petitioner alleges that respondent sublet her rent-stabilized apartment in violation of her lease. Respondent seeks summary judgment dismissing the petition. Respondent’s motion is granted.
Petitioner is the owner and landlord of 140 East 46th Street, apartment 5E, in New York County. Respondent, who has resided in this rent-stabilized apartment for about 40 years, requested petitioner’s consent to sublet her apartment for two years while she went to Florida to recuperate after a successful battle with cancer. Petitioner investigated and discovered that respondent had bought a Florida residence, which she called her “new home” on her answering machine greeting. Believing that respondent did not intend to return to her New York apartment, petitioner denied her request to sublet. Respondent, who sublet the apartment anyway, maintains that she did intend to return and, in any event, that petitioner’s refusal to consent was unreasonable.
Under Real Property Law § 226-b (2), tenants have the right to sublet their premises subject to the landlord’s written consent in advance of the subletting, and the landlord may not withhold consent unreasonably. Tenants must apply for consent to sublease by informing their landlord, by certified mail, return receipt requested, of their intent to sublease and providing the landlord with
“(i) the term of the sublease, (ii) the name of the proposed sublessee, (iii) the business and permanent home address of the proposed sublessee, (iv) the tenant’s reason for subletting, (v) the tenant’s address for the term of the sublease, (vi) the written consent of any cotenant or guarantor of the lease, and (vii) a copy of the proposed sublease, to which a copy of the tenant’s lease shall be attached if available, acknowledged by the tenant and proposed subtenant as being a true copy of such sublease.” (Real Property Law § 226-b [2] [b].)
*489 Within 10 days of receiving a request for consent to sublet, a landlord may request additional information to determine whether rejecting consent would be unreasonable. (Real Property Law § 226-b [2] [c].) Withholding consent on mere speculation that the tenant will not return after the sublease expires is “without objective basis” and unreasonable. (Mickenberg v Gabbriellini, 188 Misc 2d 720, 721 [App Term, 1st Dept 2001].) Although an “intent to return” element exists in the Rent Stabilization Code (see 9 NYCRR 2525.6 [a]), the element “should not be ‘construed so closely that it all but swallows up the right to sublet liberally granted to tenants by the statute.’ ” (Mickenberg, 188 Misc 2d at 721, quoting Melohn v McDowell, NYLJ, Nov. 5, 1996, at 25, cols 2, 3 [App Term, 1st Dept].) Real Property Law § 226-b (2) (c) also provides that “[i]f the landlord unreasonably withholds consent, the tenant may sublet in accordance with the request and may recover the costs of the proceeding and attorneys fees if it is found that the owner acted in bad faith by withholding consent.” As relevant to this proceeding, a landlord’s unreasonable withholding of consent is a full defense to an illegal-sublet holdover.
Respondent complied with the sublease process of Real Property Law § 226-b (2) (b). She requested consent and provided all the necessary documentation. In considering the sublease, petitioner did not exercise its right to request additional information “to determine if rejection of such request shall be unreasonable.” (Real Property Law § 226-b [2] [c].) Instead, petitioner conducted an independent investigation and, based on this investigation, formed a belief that respondent had no intent to return to her apartment. Petitioner then withheld consent to sublease without verifying the results of its investigation with respondent.
Respondent maintains that she is not permanently moving to Florida, but, rather, that she will reside there only temporarily while she recuperates from her recent cancer treatments. She submitted, with her summary judgment motion, documentation, including her income tax returns, driver license, utility bills, and medical records, to show that her New York City apartment is her legal residence. Her legal residence, however, is irrelevant. Petitioner’s failure to “ask the tenant for additional information,” under Real Property Law § 226-b (2) (c), to verify its reasons for withholding consent renders the withholding unreasonable.
Respondent seeks summary judgment on the basis that no issues of fact exist. To defeat respondent’s motion for summary *490 judgment, petitioner must show facts sufficient to require a trial of any issue of fact. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) The issues of fact must be material questions of fact on which the claim rests, and “mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient.” (Id.)
In response to respondent’s allegations, petitioner has not shown any material question of fact sufficient to require a trial. Petitioner argues that there is an issue of fact about whether respondent intended to return to her New York City apartment, but this is immaterial because petitioner did not exercise the procedure under Real Property Law § 226-b (2) (c) to request additional information from respondent “to determine if rejection of [consent to the sublease would] be unreasonable.”
This case is analogous to Mickenberg, in which the landlord withheld consent without following the statutory procedure. The tenant in that case requested the landlord’s permission to sublet his New York City apartment while he pursued a graduate degree at a Florida university. (Mickenberg, 188 Misc 2d at 721.) The tenant explained to the landlord why he was temporarily leaving, stated that he had lived in that apartment most of his life, and noted that he considered New York City his home and that he intended to return after completing his Florida graduate program. (Id.) The landlord withheld consent to sublease, claiming that the tenant failed “to provide ‘documentary proof ” that his move to Florida was temporary. (Id.) On appeal, the Appellate Term found that the landlord’s withholding of consent was unreasonable because a tenant’s failure to provide documentary proof is not “a valid reason for rejection where no request for such documentation had been made in the [landlord’s] questionnaire.” (Id.)
In the instant case, respondent requested consent to sublease by giving petitioner all the documentation necessary. She “clearly conveyed to [the] landlord” her reason to sublet and also conveyed her intent to return. (Id.) Petitioner based its conclusion that respondent “failed to show any intent to reoccupy the apartment as [her] primary residence, as petitioner explained in a letter to respondent dated February 6, 2008” (respondent’s exhibit C), on its own, private investigation. Because, as the Mickenberg court explained, petitioner made “no request for such documentation,” respondent’s “ ‘failure’ to provide ‘documentary proof ” of her intent to return was not “a valid reason for rejection.” Accordingly, petitioner’s conclu *491 sion was “speculative and without objective basis,” and its withholding of consent to sublet was unreasonable. (See Mickenberg, 188 Misc 2d at 721.)
Respondent’s motion for summary judgment is granted.