OPINION OF THE COURT
Per Curiam.
Order, dated February 22, 2010, reversed, with $10 costs, motion denied and petition reinstated.
This holdover summary proceeding, based upon allegations that tenant unlawfully sublet her stabilized Manhattan apartment, is not susceptible to summary dismissal. The evidence presented in the summary judgment motion was insufficient to establish as a matter of law that tenant intends to reoccupy the subject apartment as her primary residence upon the expiration of the sublease term or that the landlord’s withholding of consent to the sublet was unreasonable (see Real Property Law § 226-b [2]; Rent Stabilization Code [9 NYCRR] § 2525.6 [a]; Tagert v 211 E. 70th St. Co., 63 NY2d 818 [1984]). Notable in this regard is the tenant’s own vague and inconsistent correspondence sent to landlord during a two-week period prior to the March 1, 2009 start date of the proposed sublet, initially informing landlord of her intention to surrender possession of the apartment as of January 31, 2009, abruptly and without explanation “withdrawing” her surrender “offer” and stating her newly formed intention to sublet the apartment for one year, and then modifying her sublet request by asking for a two-year sublease term in order to facilitate her (unspecified) “Vacation and Travel” plans.. In this posture, and in view of the tenant’s acknowledged ownership and occupancy of a condominium apartment unit in Florida, there is at least a triable issue as to the bona fides of tenant’s stated intent to return to the Manhattan apartment.
Nor was the landlord’s election to forego its statutory right to ask tenant for “additional information” to assess the reason *100 ableness of the sublet request (see Real Property Law § 226-b [2] [c]) somehow fatal to landlord’s possessory claim. The information-gathering procedure set forth in the statute (“the landlord may ask the tenant for additional information as will enable the landlord to determine if rejection of [tenant’s sublet] request shall be unreasonable” [emphasis added]) is permissive, not mandatory in nature. Mickenberg v Gabbriellini (188 Misc 2d 720 [App Term, 1st Dept 2001]), relied upon by tenant, is not to the contrary. There, this court determined, based upon a review of the trial record, that the landlord had unreasonably withheld consent to the tenant’s sublet request. In dismissing the holdover petition, we noted that the absence from tenant’s sublet application of any documentation substantiating the temporary basis of his contemplated relocation did not constitute a valid reason for landlord’s rejection, where “no request for such documentation had been made in the [landlord’s] questionnaire.” (Id. at 721.) Mickenberg thus supports the principle that a landlord who chooses to request additional information in connection with a tenant’s sublet application may not thereafter be heard to complain about the absence of information or materials not requested. However, nothing in the language of our opinion in Mickenberg can be read to suggest that a landlord is compelled to seek additional sublet information in every case, on pain of forfeiting its statutory right to reasonably withhold consent to a proposed sublease.
Lowe, III, EJ., Shulman and Hunter, Jr., JJ., concur.